# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 13-939


**IN RE:  ELEANOR PIERCE (MARSHALL) STEVENS LIVING TRUST**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-6723
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION

## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Shannon J. Gremillion, Judges.


**RULE TO SHOW CAUSE RECALLED.**


**Henry Camille Perret, Jr.**
**Jude C. David**
**Perret Doise, L.L.C.**
**Post Office Box 53789**
**Lafayette, LA 70505**
**(337) 593-4900**
**COUNSEL FOR APPELLEE:**
       **Preston Marshall**

**Kenneth Michael Wright**
**Attorney at Law**
**203 West Clarence St.**
**Lake Charles, LA 70601**
**(337) 439-6930**
**COUNSEL FOR APPELLEE:**
       **Preston Marshall**

**Scott James Scofield**
**Phillip W. DeVilbiss**
**Scofield, Gerard, Pohorelsky, Gallaugher & Landry, L.L.C.**
**Post Office Drawer 3028**
**Lake Charles, LA 70602**
**(337) 433-9436**
**COUNSEL FOR APPELLANT:**
    **Finley Hilliard**

**Michael H. Schwartzberg**
**Vamvoras & Schwartzberg**
**1111 Ryan St.**
**Lake Charles, LA 70601**
**(337) 433-1621**
**COUNSEL FOR APPELLANT:**
    **Finley Hilliard**

**GREMILLION, Judge.**

This court issued a rule for the appellant, Finely Hilliard, to show cause, by brief only, why the appeal in this case should not be dismissed as having been taken from a partial judgment which has not been designated as appealable pursuant to La.Code Civ.P. art. 1915(B). Mr. Hilliard has filed a response to this court's rule. For the reasons assigned in this opinion, we maintain the appeal and recall the rule to show cause. We deny the additional relief for which Mr. Hilliard prays in his response to this court's rule as procedurally inappropriate.

The instant action was initiated by the filing of the Petition to File Trustee's Account and to Fix Trustee Fees by Finely L. Hilliard, in his capacity as Trustee of the Eleanor Pierce (Marshall) Stevens Living Trust. However, this action has since devolved into a contest over who are the proper trustees for this living trust. In the course of the action, the trial court entered judgment on February 15, 2013, declaring that Mr. Hilliard was removed from his trustee position through resignation effective as of 3:15 P.M., February 4, 2013, and that the co-trustee, Preston Marshall, has effectively removed Mr. Hilliard as co-trustee as of that same moment through the same action of attempting to accept the resignation of Mr. Hilliard.

Although Mr. Hilliard filed a motion for new trial on March 8, 2013, Mr. Hilliard also filed a motion and order for appeal on March 18, 2013. This court lodged the record in this appeal on August 20, 2013. The following day, this court issued the subject rule to show cause.

In response to the rule to show cause, Mr. Hilliard first points out that a specific statutory provision affords him the right to appeal the judgment removing him as a co-trustee. Louisiana Revised Statutes 9:1791 reads:

> A judgment or an order of court appointing or removing a trustee shall be executed provisionally. An appeal from an order or judgment appointing or removing a trustee must be taken and the security therefor furnished within thirty days from the date of the order or judgment notwithstanding the filing of an application for a rehearing or a new trial. The appeal shall be docketed and heard by preference.

Mr. Hilliard contends in brief to this court that the above statute is the more specific provision in the law on trusts and that this more specific provision takes precedence over the more general provision of La.Code Civ.P. art. 1915(B). We agree.

This court faced a similar dilemma in *Seaman v. Seaman*, 2010-1295 (La.App. 3 Cir. 12/15/10), 54 So.3d 756, wherein the trial court had entered a partial judgment modifying custody to the parties' minor children, but expressly left other matters in this domestic suit for decision at a later date. This court noted that the legislature did not expressly provide for any exceptions to the application of La.Code Civ.P. art. 1915 in that code article. Nevertheless, this court observed that in *Rhodes v. Lewis*, 2001-1989 (La. 5/14/02), 817 So.2d 64, the supreme court had carved out an exception to the application of this procedural statute to workers' compensation cases, finding that the principles underlying the very creation of the workers' compensation scheme would be impaired by the application of Article 1915 to such actions. Thus, this court concluded:

> Turning to the instant case, we find an even more persuasive reason for holding that La.Code Civ.P. art. 1915(B) should not apply to the judgment appealed. As a general rule of statutory construction, where harmonization of statutes dealing with the same subject matter is not possible, the more specific provision prevails over the more general. *See LeBreton v. Rabito*, 97-2221 (La.7/8/98), 714 So.2d 1226. Unlike the Workers' Compensation Act which has no unique provision pertaining to the delay for seeking an appeal, Louisiana does have specific statutes dictating the delay for seeking an appeal from a judgment as to custody or visitation. Thus, as quoted above, La.Code Civ.P. arts. 3942 and 3943 impose the shortened thirty day

2

time period for appealing custody, visitation, and support matters, rather than permitting a party to take up to sixty days to take a devolutive appeal as provided in the more general statute of La.Code Civ.P. art. 2087.

Moreover, unlike the reasoning in *Rhodes*, 817 So.2d 64, wherein the court was concerned with the delays that could result from permitting piecemeal appeals, we find that in child custody and visitation cases, piecemeal appeals can be appropriate. Thus, we find no logical reason for postponing an immediate appeal of a judgment of custody simply because the parties may have outstanding issues pertaining to support or visitation matters. Therefore, we hold that the appealed judgment in the instant case did not have to have a designation by the trial court as to its finality and appealability before the plaintiff could have filed her motion and order for appeal.

2010-1295, p. 5, 54 So.3d at 7659-60. Likewise, in the instant case, we hold that the more specific provision of La.R.S. 9:1791 must prevail over the more general rule of La.Code Civ.P. art. 1915. Therefore, we hereby recall this court's rule of August 21, 2013, for good cause shown and maintain the appeal.

This court also notes, though, that in the brief filed in response to this court's rule, Mr. Hilliard insists that this court should remand this case to the trial court for full discovery and trial by ordinary proceedings. Mr. Hilliard has not filed a motion for remand, and we find that the argument on this issue addresses itself to the very issues on appeal rather than to the limited procedural issue presented by the rule to show cause. Therefore, we find that Mr. Hilliard has sought relief from this court through a procedurally inappropriate means and to the extent Mr. Hilliard has asked this court to act on his request, this request is denied.

**RULE TO SHOW CAUSE RECALLED.**

3