STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-939

IN RE:  ELEANOR PIERCE (MARSHALL)

STEVENS LIVING TRUST

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 2007-006723 "G"
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

APPEAL DISMISSED; CASE REMANDED.

Scott J. Scofield
Phillip W. DeVilbiss
Peter J. Pohorelsky
Andrea A. Crawford
Scofield, Gerard, Pohorelsky,
Gallaugher & Landry
901 Lakeshore Drive, Suite 900
Post Office Drawer 3028
Lake Charles, Louisiana  70601
(337) 433-9436
COUNSEL FOR APPELLANT:
      Finley Hilliard

Henry C. Perret, Jr.
Jude C. David
Perret Doise L.L.C.
1200 Camellia Boulevard, Suite 220
Post Office Box 53789
Lafayette, Louisiana  70505
(337) 593-4900
COUNSEL FOR APPELLEES:
     The Eleanor Pierce (Marshall) Stevens Living Trust,
     Preston Marshall and Patrick Wright


Kenneth Michael Wright
Kenneth Michael Wright, LLC
203 West Clarence Street
Lake Charles, Louisiana  70601
(337) 439-6930
COUNSEL FOR APPELLEES:
     The Eleanor Pierce (Marshall) Stevens Living Trust,
     Preston Marshall and Patrick Wright

**GENOVESE, Judge.**

This case is before us on appeal from a judgment rendered against Finley Hilliard relative to his status, vel non, as co-trustee of the Eleanor Pierce (Marshall) Stevens Living Trust. For the following reasons, we find that this court does not have jurisdiction to consider the appeal because the record does not reflect that the trial court ruled on Mr. Hilliard's Motion for New Trial. Therefore, we dismiss his appeal and remand the case to the trial court.

## DISCUSSION

The issue in this case is whether Mr. Hilliard is a co-trustee of the Eleanor Pierce (Marshall) Stevens Living Trust. The trial court entered judgment on February 15, 2013, declaring:

> that the act of resignation of Finley Hilliard as co-trustee of the Eleanor Pierce Stevens Living Trust will be effective as of 3:15 P.M., February 4, 2013[, and]
>
> . . . that through the same actions of attempting to accept the resignation of Finley Hilliard as co-trustee of the Eleanor Pierce (Marshall) Stevens Living Trust, that PRESTON MARSHALL, as Trust Protector of the Eleanor Pierce (Marshall) Stevens Living Trust, has effectively removed Finley Hilliard as co-trustee of the Eleanor Pierce (Marshall) Stevens Living Trust as of 3:15 P.M., February 4, 2013.[1]

Mr. Hilliard filed a Motion for New Trial with the trial court on March 8, 2013. Mr. Hilliard also filed a Motion for Devolutive Appeal on March 28, 2013. This court lodged the record in this appeal on August 20, 2013.

Initially, in response to Mr. Hilliard's appeal, this court issued a rule to show cause[2] as to why the appeal should not be dismissed as being taken from a partial

---

[1]Mr. Hilliard has alleged that he rescinded his resignation before it was accepted.

[2]This rule to show cause was issued on August 21, 2013.

judgment which had not been designated as appealable pursuant to La.Code Civ.P. art. 1915(B). *In Re: Eleanor Pierce (Marshall) Stevens Living Trust*, 13-939 (La.App. 3 Cir. 9/25/13), 121 So.3d 1289.[3] However, pursuant to the statutory provisions of La.R.S. 9:1791,[4] this court recalled its rule to show cause, and Mr. Finley's appeal was maintained. *Id*.

On October 7, 2013, Mr. Hilliard filed with this court a Motion to Remand to Fourteenth Judicial District Court. Mr. Hilliard's motion reiterated his request for this matter to "be remanded so that a full and complete record can be created following discovery and ordinary proceedings." Mr. Hilliard contends that even though La.R.S. 9:1791 required him to appeal the February 15, 2013 judgment within thirty days, a remand of this matter is still necessary. We agree.

Under La.R.S. 9:1791, Mr. Hilliard's filing of a Motion for New Trial does not delay the time in which he is required to file an appeal. Louisiana Revised Statutes La.R.S. 9:1791 clearly requires that Mr. Hilliard file an appeal of the trial court's judgment removing him as a trustee of the living trust "within thirty days from the date of the order or judgment notwithstanding the filing of an application for a rehearing or a new trial." However, La.Code Civ.P. art. 2123(C) states: "An order of appeal is premature if granted before the court disposes of all timely filed

---

[3]In his response to this court's rule to show cause, Mr. Hilliard requested "that this court remand this case to the trial court for full discovery and trial by ordinary proceedings." However, Mr. Hilliard had not filed a motion for remand; therefore, this court denied his request as being "sought . . . through a procedurally inappropriate means[.]" *In Re: Eleanor Pierce (Marshall) Stevens Living Trust*, 121 So.3d at 1292.

[4] Louisiana Revised Statutes 9:1791 provides:

> A judgment or an order of court appointing or removing a trustee shall be executed provisionally. An appeal from an order or judgment appointing or removing a trustee must be taken and the security therefor furnished within thirty days from the date of the order or judgment notwithstanding the filing of an application for a rehearing or a new trial. The appeal shall be docketed and heard by preference.

motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions."

The record before us does not reflect that the trial court ruled on Mr. Hilliard's Motion for New Trial; therefore, the jurisdictional defect of prematurity exists, and a remand to the trial court to address Mr. Hilliard's Motion for New Trial is warranted. This court cannot rule upon the validity of the trial court's removal of Mr. Hilliard as a co-trustee unless and until the trial court renders a final judgment in the matter pursuant to its decision on Mr. Hilliard's Motion for New Trial.

## DISPOSITION

For the foregoing reasons, we dismiss Mr. Hilliard's appeal and remand the matter to the trial court for disposition of Mr. Hilliard's Motion for New Trial. We hereby dismiss the instant appeal at Appellant's cost.

**APPEAL DISMISSED; CASE REMANDED.**