918 So.2d 453 (2006)
Dorothy Lang, Spouse of/and Stanley LANG, Erma Martin, Spouse of/and Burnia Martin, Mary Melancon, Individually and As Surviving Spouse of Roy Melancon, Eliabeth J. Penny, Spouse of/and Thomas D. Penny, Elizabeth Romano, Spouse of/and Russell Romano
v.
ASTEN, INC., Combustion Engineering, Inc., D.B. Riley, Inc., Eagle, Inc., Industrial Holdings Corporation, McCarty Corporation, Midland-Ross Corporation, Mt. Vernon Mills, Inc., Owens-Illinois, Inc., Scapa Dryers, Inc., Scapa Group, Ltd., et al.
No. 2005-C-1119.
Supreme Court of Louisiana.
January 13, 2006.
*454 PER CURIAM.
We grant this writ application solely for the purpose of reversing the district court judgment holding third-party defendant insurers, OneBeacon America Insurance Co. and American Employers Insurance Co., in constructive contempt for failing to obey an order requiring that they provide purported insureds a "full and complete defense" while their motion for new trial and then their appeal were pending and unresolved.
La.Code of Civil Proc. art. 224 defines a constructive contempt as "any contempt other than a direct one," and sets forth a number of acts that constitute a constructive contempt, including the following: "wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court." La.Code of Civil Proc. art. 224(2). Although a district court has discretion to determine whether to find a person guilty of constructive contempt of court, a finding that a person wilfully disobeyed a court order in violation of La.Code of Civil Proc. art. 224(2) must be based on a finding that the accused violated an order of the court "intentionally, knowingly, and purposefully, without justifiable excuse." Brunet v. Magnolia Quarterboats, Inc., 97-187 (La.App. 5 Cir. 3/11/98), 711 So.2d 308, writ denied 98-0990, 720 So.2d 343 (La.5/29/98); Pittman Const. Co., Inc. v. Pittman, 96-1079, 96-1498 (La.App. 4 Cir. 3/12/97), 691 So.2d 268, writ denied, 97-0960 (La.5/16/97), 693 So.2d 803.
In the instant case, the order that the third-party insurers were accused of "wilfully disobeying" was the subject of a motion for new trial, followed by an immediate appeal. Under the circumstances, the insurers cannot be considered to have disobeyed the order that they provide their insureds a "full and complete defense" without justification, given the fact that the insurers immediately sought review of the order. The filing of a new trial and/or an appeal challenging an order clearly provides justification for the insurers' failure to obey the order. Accordingly, the district court abused its discretion when it found the third-party insurers guilty of constructive contempt of court.
We further note that, pursuant to the requirements established by La.Code of Civil Proc. 225(A),[1] relative to the procedure for punishing for constructive contempt, "[a] person charged with committing a constructive contempt of court my be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly." (Emphasis added.) La.Code of Civ. Proc. art. 225(A) further provides that the rule to show cause "shall state the facts alleged to constitute the contempt." Official Revision Comments(a) to La.Code of Civ. Proc. art. 225 states as follows:
The procedure in this article employs a rule to show cause, which may issue on the court's own motion or on the motion of a party, and the motion for the rule to show cause sets forth the facts alleged to constitute the constructive contempt. *455 Further, the person charged with committing the constructive contempt is allowed at least forty-eight hours to prepare his defense.
Based on the language of La.Code of Civ. Proc. art. 225(A), this court has previously held that the requirement that the rule to show cause "shall state the facts alleged to constitute the contempt" is mandatory. Louisiana State Bd. of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640, 642 (La.1968). In England, this court noted that the requirements of La.Code of Civ. Proc. art. 225(A) "is intended to serve the additional purpose of clearly and fairly apprising the person charged of the nature and cause of the accusation against him." Id. The court went on to hold that the rule to show cause on the contempt charge must contain "sufficient particularity . . . to enable the person charged to properly make his defense." Id. Thus, this court has interpreted La.Code of Civ. Proc. art. 225(A) to require that the person charged with contempt be given notice of the charges against him in the form of a formal rule to show cause, regardless of whether the contempt charge is raised by the opposing party or by the court on its own motion. Citing this court's decision in England, the Louisiana First Circuit Court of Appeal in Geo-Je's Civic Ass'n, Inc. v. Reed, 525 So.2d 192 (La.App. 1 Cir.1988), reversed a contempt judgment because the person charged with contempt never received the proper notice of the charges against him, as required by La.Code of Civ. Proc. art. 225(A).
In this case, the documents before this court reveal that no rule to show cause stating the facts alleged to constitute the alleged contempt was filed against the third-party insurers. Rather, the district court, at the April 16, 2004, hearing, merely "admonished counsel for the insurers that the disobedience of a judgment was contempt and would be punished." See Reasons for Judgment on Contempt Charge. Some six weeks later, on May 21, 2004, without having filed a motion to show cause stating the facts alleged to constitute the contempt, the district court held another hearing, at which it both granted the insurers' motion for new trial in part and found that the insurers were guilty of constructive contempt of court for not obeying the order to provide their insureds with a "full and complete defense." Nothing in the documents before this court indicate that the mandatory requirement that the facts constituting the alleged contempt be set forth in a rule to show cause was followed in this case. In fact, the district court's own reasons for judgment reveal that the court failed to follow the mandatory requirements.
For the above stated reasons, the judgment of contempt and the resulting fine of $500 per day until the third-party insurers complied with the order to provide Eagle "a full and complete defense" are hereby reversed.
JOHNSON, J., concurs.
NOTES
[1] La.Code of Civ. Proc. art. 225(A) provides, in pertinent part, as follows:

Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly. The rule to show cause may issue on the court's own motion or on motion of a party to the action or proceeding and shall state the facts alleged to constitute the contempt.