DAVIS, Judge.
Edward Harris Kountze, Individually and as the Trustee of the Denman Kountze, Jr., Revocable Trust (Trustee), challenges an order of the trial court entered in Charles Kountze’s breach of fiduciary duty suit against Edward, as Trustee of their deceased father’s trust. Specifically, Edward challenges only the portions of the trial court’s order removing him as Trustee and requiring him to transfer trust documents to the temporary successor trustee. Because he was not provided with notice or the opportunity to be heard prior to imposition of this sanction, we reverse those portions of the order but affirm the remainder of the order.
Section 736.0706(1), (2)(c), Florida Statutes (2010), provides that “a trustee may be removed by the court on the court’s own initiative ... if ... [d]ue to the unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the interests of the beneficiaries.” The statute therefore suggests that a factual finding must be made by the trial court as to the trustee’s unfitness, unwillingness, and persistent failure to administer the trust effectively.
On appeal, Edward Kountze argues that it was error for the trial court to make such a finding and remove him as Trustee without providing him notice and an opportunity to be heard. We agree. Edward was put on notice of a hearing on Charles’ motion to compel discovery. In that motion, Charles did seek a sanction against Edward for his failure to comply with discovery, but that sanction — the only sanction of which Edward was aware — was the imposition of an attorney’s fee award, not removal as Trustee. Additionally, in a pri- or contempt order entered in this case, the trial court had given Edward twenty days to comply with the discovery request then at issue and had stated that if he failed to do so “Defendant shall pay to Plaintiff $100.00 per day beginning the day after such items are due, and shall continue to pay Plaintiff $100.00 each day until Defendant has fully complied with this order.” There is nothing in the record to put Edward on notice that removal as Trustee was a possible sanction. As such, Edward had no reason to be prepared to defend against such a sanction.
Furthermore the trial court’s order expressly states that this sanction is being imposed not only for Edward’s failure to provide Charles with the requested trust accounting but also for failing to comply with previous court orders. As such, the sanction is analogous to an indirect civil contempt order, which does require notice and an opportunity to be heard. See Bresch v. Henderson, 761 So.2d 449, 451 (Fla. 2d DCA 2000) (“[A] person facing civil contempt sanctions is ... entitled to a proceeding that meets the fundamental fairness requirements of the due process clause.... Such fundamental fairness includes providing the alleged eontemnor with adequate notice and an opportunity to be heard.”); Whitby v. Infinity Radio, Inc., 961 So.2d 349, 355 (Fla. 4th DCA 2007) (reviewing order finding appellant in indirect civil contempt and concluding that “[a] person facing civil contempt sanctions is entitled to notice and an opportunity to be heard”).
Accordingly, we reverse only those portions of the trial court’s order removing Edward Kountze as the Trustee and directing him to transfer trust documents to *1166 the successor trustee, and we remand for further proceedings. We affirm the remainder of the order.
Affirmed in part, reversed in part, and remanded.
WALLACE and MORRIS, JJ., Concur.