McClendon, j-.
| ¡¿This is an appeal of a district court judgment holding the defendants in contempt of court and imposing penalties upon them for failing to comply with a prior judgment ordering the production of certain records under the public records law. For the reasons that follow, we reverse the contempt judgment.[1]
FACTUAL AND PROCEDURAL HISTORY
This matter began with multiple public records requests to and lawsuits against the Louisiana State University Board of Supervisors and its former chairman, Hank Danos, (the defendants) relating to the 2012-2013 search by LSU to fill the position of President/Chancellor of the LSU system. On April 1, 2013, Capital City Press, L.L.C. d/b/a The Advocate and Koran Addo filed a Petition for Writ of Mandamus, Declaratory Judgment, and Injunctive Relief Pursuant to the Louisiana Public Records Act, in the 19th Judicial District Court, Docket Number 620,-353, which matter was assigned to Division “D” (The Advocate case). Also, on April 1, 2013, Andrea Gallo, editor of “The Daily Reveille,” LSU’s student newspaper, filed a similar suit in the 19th Judicial District Court, Docket Number 620,364, which was allotted to Division “F” (The Daily Reveille case). On April 8, 2013, The Times-Picayune, L.L.C. and Quincy Hodges filed their similar Petition for Writ of Mandamus, Declaratory Judgment, and Injunctive Relief Pursuant to the Louisiana Public Records Act, in the 19th Judicial District Court, Docket Number 620,553, which was allotted to Division “O” (The Times Picayune case). By agreement of the parties, The Times-Picayune case was consolidated with The Advocate case in Division “D” and scheduled for trial on April 25. The Daily Reveille case was not joined due to the unavailability of counsel at that time, and The Advocate, The Times-Picayune, and LSU requested that the consolidated cases be transferred into The Daily | ^Reveille case so that the three cases could proceed together to trial on April 30. However, Judge Janice Clark in Division “D” denied the request to transfer the consolidated cases to Division “F.” Thus, the trial in the present matter was held on April 25, 2013, after which the district court held that the requested records were public records in accordance with Louisiana’s Public Records Act and ordered that the defendants produce the records immediately. A judgment to this effect was signed on April 30, 2013.[2] The judgment also reserved the issue of damages, court costs, and attorney fees for full briefing and adjudication by the district court.
Thereafter, on May 10, 2013, the defendants filed a notice of suspensive appeal that was opposed by The Advocate and *672 The Times Picayune' (the plaintiffs). On May 14, 2013, the district court denied the request for a suspensive appeal on the basis that the April 30, 2013 judgment was not a final judgment. Meanwhile, on May 13, 2013, the plaintiffs filed a rule for contempt, contending that, despite the April 30, 2013 judgment that ordered the defendants to “immediately produce” the records and information described in the judgment, the defendants had failed to do so. In response, on May 20, 2013, the defendants filed an Alternative Motion to Stay and Request for Expedited Consideration of Motion, and on May 23, 2013, the district court granted the request for expedited consideration and stayed the matter for fourteen days. Also, on May 20, 2013, the defendants filed an Alternative Motion to Certify Judgment as Final, which was denied as moot by the district court on May 23, 2013, and an Alternative Notice of Intent to Apply for Supervisory Writ, which was also denied as moot on May 23, 2013. Thereafter, on May 28, 2013, the court granted an order allowing the defendants to proceed with their application for supervisory writs, giving them until June 6, 2013, to file their application with the court of appeal, and granting a stay until June 6, 2013.
| ¿On June 5, 2013, the plaintiffs notified the district court that, because the defendants were going to file a writ application, they wished to continue their rule for contempt without date. On June 6, 2013, the defendants filed their application for supervisory writs with this court and also requested a stay of the proceedings. On July 12, 2013, the plaintiffs filed a supplemental rule for contempt, asserting that as of that date, the First Circuit Court of Appeal had not yet acted on the writ application, nor had it granted the defendants’ request for a stay. Therefore, according to the plaintiffs, the stay expired on June 6, 2013, and because the First Circuit had not extended the stay, the defendants were again in contempt of court. On July 19, 2013, a three-judge panel of this court denied the defendants’ writ application.[3]
After that, on July 25, 2013, the defendants filed a Motion for Expedited Hearing on Supplemental Rule for Contempt, which was set for August 14, 2013. On that same date, the plaintiffs, filed an Expedited Motion to Set Trial on Remaining Issues, and the district court issued an order setting the remaining issues for trial on September 9, 2013. On August 6, 2013, the defendants filed a Renewed Motion to Certify Judgment as Final, which was also set for August 14, 2013.
At the August 14 hearing on the rule for contempt, the defendant maintained that they could not produce the requested records without risking the loss of the right to appeal the April 30, 2013 judgment. The district court disagreed and held LSU in contempt, imposing a $500.00 per day sanction, retroactive to the April 30, 2013 judgment.[4] The court also denied the defendant’s renewed motion to certify the underlying judgment as final. A judgment in conformity with the ruling was signed by the district court on August 21, 2013.
IfiOn August 15, 2013, the defendants filed a Notice of Suspensive Appeal of the contempt judgment, which, on August 23, 2013, was denied by the district court as *673 not being a final judgment. Also on August 15, 2018, the defendants filed an Alternative Notice of Intent to Apply for Supervisory Writ and filed a Motion to Certify Judgment as Final. On August 21, 2013, the district court denied the motion to certify the contempt judgment as final. On August 28, 2018, the defendants applied for writs to this court from the denial of the suspensive appeal of the contempt judgment.
In the meantime, the defendants filed an application for writs with the Louisiana Supreme Court regarding the underlying judgment. On August 28, 2013, the supreme ' court denied the writ application and the request to stay the underlying judgment, but stated:
Stay denied; writ denied. Insofar as relator is aggrieved by the August 14, 2013 judgment imposing sanctions for contempt, it has an adequate remedy by suspensive appeal. See La.Code Civ. P. art. 1915(A)(6); In re: Jones, 10-0066 (La.App. 5 Cir. 11/9/10), 54 So.3d 54.[5]
Thereafter, on September 16, 2013, the parties entered into a Joint Agreement and Stipulation, wherein the defendants stated that they requested R. William Funk, the consultant holding the documents at issue, to produce the requested records for production under seal during the appeal of the underlying judgment. The agreement also provided that upon delivery of the documents to the court, the accrual of the daily sanction would be suspended. Mr. Funk agreed to produce the records, which were delivered to the court under the terms of the agreement.
Further, on September 19, 2013, in response to the defendants’ application for supervisory writs to this court, we stated, in relevant part:
WRIT GRANTED WITH ORDER. STAY DENIED. REQUEST FOR EXPEDITED HEARING DENIED. The district court’s contempt judgment is a final, appealable judgment, on which an appeal can be sought within the time delays set out in La. C.C.P. art.2087. IfiThe Louisiana Supreme Court has ruled in this case that the judgment imposing sanctions for contempt is ap-pealable. (Citation omitted.)
We remand the case to the district court with instruction to grant [the defendants] a suspensive appeal of the August 14, 2013 ruling and August 21, 2013, judgment, pursuant to the August 19, 2013, order granting their application to seek writs.[6]
The district court granted the present sus-pensive appeal on October 4, 2013.
DISCUSSION
Contempt of court is defined in LSA-C.C.P. art. 221 as “any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.” There are two types of contempt. A direct contempt includes one committed in the immediate view and presence of the court and of which it has personal knowledge. LSA-C.C.P. art. 222. A constructive contempt of court is any contempt other than a direct one, including *674 willful disobedience of any lawful judgment, order, mandate, writ, or process of the court. LSA-C.C.P. art. 224(2). Further, if a judgment orders a defendant to do or refrain from doing an act and he refuses or neglects to comply with the order, the party entitled to performance may obtain by contradictory motion the following remedies: (1) a writ to distrain the property of the defendant; (2) an order adjudging the disobedient party in contempt; or (3) a judgment for any damages he may have sustained. The party entitled to performance may also sue for damages. See LSA-C.C.P. art. 2502; Watkins v. Lake Charles Memorial Hosp., 13-1137 (La.3/25/14), 144 So.3d 944, 955. See also LSA-C.C.P. arts. 2503 and 2504. A person may not be adjudged guilty of a contempt of court except for misconduct defined as such, or made punishable as such, expressly by law. The punishment which a court may impose upon a person adjudged guilty of contempt of court is ^provided in LSA-R.S. 13:4611.[7] LSA-C.C.P. art. 227. Proceedings for contempt must be strictly construed, and the policy of our law does not favor extending their scope. Estate of Graham v. Levy, 93-0636, 93-0134 (La.App. 1 Cir. 4/8/94), 636 So.2d 287, 290, writ denied, 94-1202 (La.7/1/94), 639 So.2d 1167.
The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying a court order, and the court’s decision should be reversed only when the appellate court discerns an abuse of that discretion. Boyd v. Boyd, 10-1369 (La.App. 1 Cir. 2/11/11), 57 So.3d 1169, 1178. Although a trial court has discretion to determine whether to find a person guilty of constructive .contempt of court, a finding that a person willfully disobeyed a court order in violation of Article 224(2) must be based on a finding that the accused violated an order of the court “intentionally, knowingly, and purposefully, without justifiable excuse.” Lang v. Asten, Inc., 05-1119 (La.1/13/06), 918 So.2d 453, 454 (per curiam). While a trial court’s ultimate decision to hold a party in contempt of court is subject to review under the abuse of discretion standard, in the case of a civil contempt, its predicate factual determinations are reviewed under the manifest error standard. Rogers v. Dickens, 06-0898 (La.App. 1 Cir. 2/9/07), 959 So.2d 940, 945.
In the present case, in response to the plaintiffs’ public records requests, LSU produced only the documents reflecting the single candidate recommended by the search committee to the board, Dr. King Alexander. Later, after the lawsuits were filed, LSU produced the records relating to the ten individuals who responded to notices published by Mr. Funk. LSU asserts it has now produced all |¿records in its possession of individuals considered “applicants” for the position, as contemplated by LSA-R.S. 41:12.1.
It is undisputed that LSU did not produce additional records in response to the judgment on the merits. However, LSU asserts that it took multiple steps to expedite appellate review of that judgment and that it informed the district court that its *675 refusal to produce additional records was based on its concerns of mooting its right to appeal. Thus, LSU asserts, there is no evidence in the record upon which to conclude that it acted in willful disobedience of either the judgment or the authority of the district court.
The case of Times Picayune Pub. Corp. v. New Orleans Aviation Bd., 99-237 (La.App. 5 Cir. 8/31/99), 742 So.2d 979, writ denied, 99-2838 (La.12/10/99), 751 So.2d 257, involved a request for a declaratory judgment and a writ of mandamus under the public records act, as in this matter. Also, like this matter, a rule for contempt was filed before the expiration of the delays for appeal. The trial court made a finding of contempt, and the New Orleans Aviation Board (NOAB) appealed both the. underlying judgment and the judgment of contempt. One day after the appeal was filed, NOAB produced the documents as required. Thereafter, the Times Picayune filed a motion to dismiss the appeal, contending that NOAB’s appeal was moot. The NOAB filed a motion for a protective order in the appellate court, requesting the court to limit the Times Picayune’s use of the documents until the case was reviewed on appeal.[8] The fifth circuit held that the production of the requested records mooted the public records dispute, notwithstanding the motion for protective order. The court stated:
The acquiescence that prohibits an appeal, or destroys it when taken, is the acquiescence in a decree commanding something to be done or given. If the thing commanded to be done or given is done or given, there has been acquiescence in the judgment.
We agree that NOAB has acquiesced in the trial court’s judgment of October 29, 1998 by producing the very documents for which they sought protection and, therefore, this court shall not | gconsider the assignments of error raised by NOAB as to the production of the documents because these issues have been made moot by IMOAB’s voluntary conduct.
Times Picayune Pub. Corp., 742 So.2d at 982 (citations omitted).
In Lang, 918 So.2d at 454, the supreme court found that third-party insurers were not willfully disobeying a trial court’s order to provide their insureds a defense when they failed to comply with the order pending appellate review:
In the instant case, the order that the third-party insurers were accused of “wilfully disobeying” was the subject of a motion for new trial, followed by an immediate appeal. . Under the circumstances, the insurers cannot be considered to have disobeyed the order that they provide their insureds a “full and complete defense” without justification, given the fact that the insurers immediately sought review of the order. The filing of a new trial and/or an appeal challenging an order clearly provides justification for the insurers’ failure to obey the order. Accordingly, the district court abused its discretion when it found the third-party insurers guilty of constructive contempt of court.
Similarly, in this matter, the facts and circumstances presented do not support a finding of willful disobedience. LSU was faced with conflicting judgments from the same court and took multiple steps in an attempt to secure expedited review. Further, while LSU was trying to appeal the underlying judgment, it was trying to avoid acquiescence in the judgment. LSU’s failure to comply with the district, court’s April 30, 2013 judgment, while at *676 tempting to seek appellate review, was based on a good faith belief that acquiescence may have mooted its right to appeal. Accordingly, we conclude that the trial court manifestly erred in finding that LSU violated the order intentionally, knowingly, and purposefully, without justifiable excuse. Consequently, we find that the district court abused its discretion when it found LSU in contempt of court.
CONCLUSION
For the foregoing reasons, the August 21, 2013 judgment of the district court, finding the defendants, Louisiana State University System Board of Supervisors and Hank Danos, Chairman, in contempt of court and imposing a $500.00 per day fine until the defendants comply -with the April 30, 2013 judgment, is hereby reversed. Costs of this appeal are assessed equally between Imthe plaintiffs, Capital City Press, L.L.C. d/b/a The Advocate and Koran Addo, and the plaintiffs, The Times Picayune, L.L.C. and Quincy Hodges.
REVERSED.

. In a related opinion, also rendered this date, we review and reverse in part the prior judgment of the district court on the merits. See Capital City Press, L.L.C. d/b/a The Advocate and Koran Addo v. Louisiana State University System Board of Supervisors and Hank Danos, Chairman c/w The Times-Picayune, L.L.C. and Quincy Hodges v. Louisiana State University System Board of Supervisors and Hank Danos, Chairman, 2013-2000 c/w 2013-2001 (La.App. 1 Cir. 12/20/14), 168 So.3d 727.

. The Daily Reveille case went to trial on April 30, 2013, after which the district court in that matter denied the request for mandamus, specifically finding that the provisions of LSA-R.S. 44:12.1 relating to "applicants for public positions” controlled over the general provisions of LSA-R.S. 44:1 and that LSU had produced the requested information regarding all "applicants.” The judgment in The Daily Reveille case was not appealed.

. See Capital City Press, L.L.C. d/b/a The Advocate and Koran Addo v. Louisiana State University System Board of Supervisors and Hank Danos, Chairman c/w The TimesPicayune, L.L.C. and Quincy Hodges v. Louisiana State University System Board of Supervisors and Hank Danos, Chairman, 2013 CW 0959 (La.App. 1 Cir. 7/19/13).

. The district court excluded sanctions for the period from May 23, 2013, through June 6, 2013, when its stay was in effect.

5. See Capital City Press, L.L.C. d/b/a The Advocate and Koran Addo v. Louisiana State University System Board of Supervisors and Hank Danos, Chairman c/w The Times-Picayune, L.L.C. and Quincy Hodges v. Louisiana State University System Board of Supervisors and Hank Danos, Chairman, 2013-CC-1994 (La. 8/23/13).

6. See Capital City Press, L.L.C. d/b/a The Advocate and Koran Addo v. Louisiana State University System Board of Supervisors and Hank Danos, Chairman c/w The TimesPicayune, LLC and Quincy Hodges v. Louisiana State University System Board of Supervisors and Hank Danos, Chairman, 2013 CW 1493 (La.App. 1 Cir. 9/19/13).

. Louisiana Revised Statutes 13:4611 provides, in pertinent part:
Except as otherwise provided for by law:
(1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
[[Image here]]
(d) For any other contempt of court, including disobeying an order for the payment of child support or spousal support or an order for the right of custody or visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.

. NOAB also filed a motion for a protective order in the trial court, but it was denied.