STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0879 and 2019 CW 0601

ELAINE T. MARSHALL, INDIVIDUALLY AND AS CO-TRUSTEE
OF THE MARSHALL LEGACY FOUNDATION
AND THE MARSHALL HERITAGE FOUNDATION;
PROFESSOR STEPHEN D. COOK; AND E. PIERCE MARSHALL, JR.

VERSUS

PRESTON L. MARSHALL

Decision Rendered: **JUL 1 4 2020**

* * * * * * *

APPEALED FROM THE
19th JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER C656183, SECTION 23

HONORABLE WILLIAM A. MORVANT, JUDGE

* * * * * * *

Kirk A. Patrick III
Blake A. Altazan
Matthew A. Rogers
Baton Rouge, Louisiana
and
Stephen J. Herman
Charles M. King
New Orleans, Louisiana

Attorneys for Defendant/Appellant
Preston L. Marshall

Michael Reese Davis
Tim P. Hartdegen
Baton Rouge, Louisiana

Attorneys for Plaintiff/Appellee, Elaine T.
Marshall, Individually & as Co-Trustee of
the Marshall Legacy Foundation and
the Marshall Heritage Foundation

**BEFORE: GUIDRY, McDONALD, THERIOT, CHUTZ, and LANIER, JJ.**

J. Theriot, Dissents and Assigns reasons

**McDONALD, J.**

The trustee of a charitable remainder trust challenges a judgment finding him in contempt of court, removing him as trustee, ordering him to repay trust funds used to pay his litigation costs and attorney fees, and ordering that he provide a final accounting for the trust. The trustee filed an application for supervisory writs and an appeal from the adverse judgment, and the trust's lifetime beneficiary filed a motion to dismiss the trustee's writ application. We deny the trustee's writ application, dismiss the beneficiary's motion to dismiss the writ as moot, affirm the judgment in part, reverse the judgment in part, and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2002, Eleanor Pierce Stevens settled the EPS/EPM Charitable Remainder Trust (CRUT); funded it with $689,655; named her son, E. Pierce Marshall Sr., as the CRUT's sole lifetime beneficiary; and, named Preston L. Marshall, Pierce's son (her grandson), as the CRUT's sole trustee. The CRUT instrument directed Preston, as the trustee, to pay his father an annuity equal to 10.4% percent of the net fair market value of the CRUT assets, and required the payments to be made in equal quarterly installments per year. Preston's father died in 2006. Under the CRUT instrument, Preston's mother, Elaine T. Marshall, then became, and still is, the sole lifetime beneficiary to whom the CRUT distributions are owed. After Elaine's death, it appears the CRUT assets will be distributed to two charities, the Marshall Legacy Foundation (MLF) and the Marshall Heritage Foundation (MHF).

As the CRUT trustee, Preston paid Elaine the required distributions from the time of his father's death through the end of 2014. In 2015, dissension within the Marshall family escalated, and Elaine terminated Preston's employment with MarOpCo, Inc., a corporation that administered the Marshall family's various trusts and businesses. In October 2016, Elaine, individually and as co-trustee of the MLF; Stephen D. Cook, as co-trustee of the MLF and MHF; and E. Pierce Marshall Jr. (Preston's brother), as co-trustee of the MHF (Plaintiffs) filed suit against Preston seeking the "release of mandatory disbursements" from the CRUT. The Plaintiffs alleged Preston had not made

2

a distribution to Elaine since 2014, had not provided the proper tax forms to them for 2015, and had failed to render annual accountings of the CRUT.

Later, in July 2017, the Plaintiffs filed a motion for preliminary injunction seeking to enjoin Preston from withholding CRUT distributions and accountings and from using CRUT property to pay his costs and attorney fees related to the action. The Plaintiffs also filed a motion to remove Preston as the CRUT trustee. About a week before the scheduled hearing on the above motions, Preston paid Elaine all CRUT distributions due for 2015 through 2017.

After a hearing in August 2017, the trial court signed a judgment on September 19, 2017, granting in part and denying in part the Plaintiffs' motion for injunctive relief, and denying their motion to remove Preston as CRUT trustee. That judgment was the subject of a prior writ application and appeal. *Marshall v. Marshall*, 17-1494 (La. App. 1 Cir. 3/7/18), 2018 WL 1182895, *writ denied*, 18-0550 (La. 5/25/18), 243 So.3d 569, and *Marshall v. Marshall*, 18-0354 (La. App. 1 Cir. 11/2/18), 2018 WL 5733004.

In July 2018, Elaine filed a motion to have Preston held in contempt for willful disobedience of the September 19, 2017 judgment by failing to make quarterly CRUT distributions to her. On March 18, 2019, the trial court held a hearing on the motion for contempt and on other motions. On April 2, 2019, the trial court signed a judgment finding Preston guilty of contempt of court and, among other punishment, removed him as CRUT trustee. Pertinently, the judgment stated:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that Elaine T. Marshall's Motion for Contempt is GRANTED, and Preston L. Marshall is held to be guilty of contempt of court because of his willful disobedience of the Court's mandatory injunction dated September 19, 2017, including his refusal to provide mandatory accountings and quarterly distributions;
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Preston L. Marshall has failed to file tax returns and issue [K-1s] in a timely fashion for the CRUT, which subjects the CRUT to the imposition of taxes, penalties, and interest by the IRS;
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Preston L. Marshall has used CRUT funds to pay his litigation costs and attorney's fees in this matter and that such payments were not properly incurred by Preston L. Marshall in the administration of the CRUT;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Preston L. Marshall has violated his fiduciary duties and obligations owed pursuant to the Louisiana Trust Code and the CRUT Trust Instrument, all of which constitutes sufficient cause for the removal of Preston L. Marshall as trustee; accordingly, in the exercise of its inherent authority and authority under the Louisiana Trust Code, the Court imposes the following sanction and punishment:

    (1)    Preston L. Marshall is hereby removed as Trustee of the CRUT;

    (2)    Dr. Stephen D. Cook is hereby appointed as Trustee to succeed Preston L. Marshall in accordance with the CRUT Trust Instrument;

    (3)    Preston L. Marshall is hereby ordered to repay forthwith any and all CRUT funds used to pay his litigation costs and attorney's fees, including but not limited to, approximately $175,231 in wire transfers in November 2017; and

    (4)    Preston L. Marshall is hereby ordered to provide a final accounting for the CRUT within 45 days of the Court's ruling on March 18, 2019.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, in light of the foregoing rulings, the Motion to Compel Discovery, the Motion for Preliminary Injunction, and the Motion for Protective Order are hereby deemed moot.

Preston filed both an application for supervisory writs and a suspensive appeal from the April 2, 2019 judgment. Elaine filed a motion to dismiss and an opposition to Preston's writ application. Another panel of this court referred the writ to this panel, the panel to which the appeal was assigned. *Elaine T. Marshall, Individually and as Co-trustee of the MLF and the MHF, et al. v. Preston L. Marshall*, 19-0601 (La. App. 1 Cir. 10/18/19) *(unpub'd writ action)*. Pursuant to a separate motion Elaine filed, this court converted Preston's appeal from suspensive to devolutive. *Elaine T. Marshall, Individually and as Co-trustee of the MLF and the MHF, et al. v. Preston L. Marshall*, 19-0879 (La. App. 1 Cir. 9/17/19) *(unpub'd action)*.

A judgment removing a trustee is appealable under La. R.S. 9:1791. *See In re Eleanor Pierce (Marshall) Stevens Living Trust*, 13-939 (La. App. 3 Cir. 9/25/13), 121 So.3d 1289, 1291. Thus, we will address the merits of Preston's challenge to the April 2, 2019 judgment by way of this appeal, not under our supervisory jurisdiction. We deny Preston's writ application and, finding it moot, dismiss Elaine's motion to dismiss the writ.

4

On appeal, Preston contends the trial court's April 2, 2019 judgment should be reversed because: (1) his conduct did not meet the high standards required for a finding of constructive contempt; (2) Elaine did not seek his removal as part of the contempt proceeding; (3) the judgment exceeds the limits of punishment for contempt; and (4) his due process right to a full and fair hearing was violated.

## CONSTRUCTIVE CONTEMPT OF COURT

We first address whether the trial court properly found Preston guilty of contempt of court due to his willful disobedience of the September 19, 2017 judgment.

A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice or to impair the dignity of the court or respect for its authority. La. C.C.P. art. 221. Contempts of court are direct or constructive. *Id.* Willful disobedience of any lawful judgment, including an injunction, constitutes a constructive contempt of court. La. C.C.P. arts. 224(2) and 3611. To find willful disobedience, the trial court must find that the person violated the court's order intentionally, knowingly, and purposefully, without justifiable excuse. *Lang v. Asten, Inc.*, 05-1119 (La. 1/13/06), 918 So.2d 453, 454 *(per curiam)*. A trial court is vested with great discretion in determining whether a party should be held in contempt of court, and its decision will only be reversed when the appellate court finds an abuse of that discretion. While we review the ultimate contempt decision under the abuse of discretion standard, in a case of civil contempt, we review the trial court's predicate factual determinations under the manifest error standard. *Greeson v. USAA Life Insurance Company*, 16-0667 (La. App. 1 Cir. 12/22/16), 209 So.3d 1066, 1070. Thus, on review of facts, we do not decide whether the trial court was right or wrong; rather, we consider the entire record to determine whether a reasonable factual basis exists for the finding. *Stobart v. State through DOTD*, 617 So.2d 880, 882 (La. 1993). When there are two views of the evidence, the factfinder's choice between them cannot be manifestly erroneous. *Galiano v. Lucky Coin Machine Company*, 15-2065 (La. 1/8/16), 184 So.3d 689.

5

The trial court's September 19, 2017 judgment ordered Preston to "make all distributions due from the CRUT to [Elaine]," to the extent he had not previously fulfilled this obligation and to "immediately render clear and accurate accountings of the CRUT." Contrary to Preston's argument on appeal, the record clearly shows Preston knew the judgment required him to fulfill these obligations prospectively. In fact, at the March 2019 contempt hearing, Preston admitted that his "past distribution pattern wasn't acceptable" and that, after the August 2017 injunction hearing, he understood he had to "get back on [the] distribution schedule" by making CRUT distributions on a quarterly basis, as the CRUT instrument directed. He also admitted that no CRUT distributions were made in 2018. And, although he made a partial 2018 distribution to Elaine in 2019, Preston also admitted that 2018 distributions were still owed to her.

Preston claims he had a justifiable excuse for failing to timely make 2018 CRUT distributions. At the March 2019 contempt hearing, Preston testified that, in March/April 2018, he received a letter from JP Morgan Chase requesting that he move the CRUT account to another bank by a certain time or a "hold" would be placed on the CRUT account. He explained that he had trouble finding another bank to accept the CRUT account; but, even after moving the account to Cadence Bank in November 2018 (eight months after actually receiving the letter), he admitted he made no 2018 CRUT distributions until February 2019. Notably, Preston could not produce the JP Morgan Chase "hold" letter before or at the contempt hearing, stating that he had misplaced it and that JP Morgan Chase had refused to give him a copy. It was not until after the trial court rendered the contempt judgment against Preston that he found the letter and sought to use it to obtain a new trial, a motion which the trial court denied.

Regarding Preston's obligation to render CRUT accountings, the record shows that Preston's accountant, BDO USA, LLP, issued CRUT financial statements for 2014 through 2016 and produced CRUT tax returns for 2015 and 2016. Preston testified at the March 2019 contempt hearing that he believed a tax return satisfied his obligation to provide accountings, because a tax return included all information required by an accounting. But, Preston admitted that he did not know if BDO USA, LLP had sent a

6

copy of the 2017 CRUT tax return to Elaine. Again, it was not until after the trial court rendered the contempt judgment against Preston that he filed the 2017 CRUT tax return with his motion for new trial.

At the end of the March 2019 contempt hearing, the trial court stated that it could say with "absolutely no hesitation" that Preston was in contempt of the September 19, 2017 judgment. The trial court noted Preston's admission that he made a partial 2018 CRUT distribution in 2019, and even then, that this late distribution was only partial. The court plainly disbelieved Preston's uncorroborated excuse that it was JP Morgan Chase's "mysterious" hold that prevented him from timely making 2018 CRUT distributions. The trial court also rejected Preston's excuse that he was unable to make the full 2018 distribution because the CRUT account contained insufficient cash on-hand. The trial court found it "mind-boggling" that Preston could pay significant attorney fees from the CRUT account in November 2017, but that the CRUT account was not liquid enough to pay required distributions to Elaine for 2018. The trial court further rejected Preston's opinion that a tax return satisfied his obligation to provide CRUT accountings. And, even if it did, the trial court concluded Preston had not provided Elaine with the 2017 CRUT tax return.

After a thorough review, we find that there is a reasonable factual basis in the record to support the trial court's finding that Preston was in contempt of the September 19, 2017 judgment. The trial court is charged with assessing the credibility of witnesses, and in doing so, is free to accept or reject, in whole or in part, any witness's testimony. *Boudreaux v. Vankerkhove,* 07-2555 (La. App. 1 Cir. 8/11/08), 993 So.2d 725, 734. The record shows Preston knew that, as of August 2017, he was required to pay CRUT distributions quarterly, to provide accountings annually, and that he failed to do so. The trial court was in the best position to assess the evidence presented at the contempt hearing, particularly Preston's testimony that it was JP Morgan Chase's fault that he could not timely make CRUT distributions, and that he thought BDO USA, LLP sent Elaine the 2017 CRUT tax return. Obviously, the trial court rejected Preston's excuses as incredible and unjustified, as the court was free to do.

7

*Boudreaux*, 993 So.2d at 734. We also note, without detailed discussion, that the actual JP Morgan Chase letter does not support Preston's excuse for not making timely CRUT distributions. We find no manifest error in the trial court's determination that Preston's disobedience of the September 19, 2017 judgment was intentional and without justifiable excuse. *See Lang*, 918 So.2d at 454. We further find the trial court did not abuse its discretion in holding Preston in contempt of court. *See Greeson*, 209 So.3d at 1070.

## PUNISHMENT FOR CONTEMPT OF COURT

Although we find the trial court did not abuse its discretion in finding Preston guilty of contempt of court, we now address whether the trial court's punishment for such was proper. As previously noted, the trial court's contempt punishment was to: (1) remove Preston as the CRUT trustee; (2) appoint Dr. Stephen D. Cook to succeed Preston as CRUT trustee; (3) order Preston to repay the CRUT funds used to pay his litigation costs and attorney fees; and (4) provide a final accounting for the CRUT.

Preston argues the trial court was limited to punishing him for contempt by imposing a fine and/or imprisonment, as provided in La. R.S. 13:4611. Contrarily, Elaine argues that La. C.C.P. art. 191 and La. R.S. 9:1789 are exceptions to La. R.S. 13:4611, which gave the trial court the authority to punish Preston for contempt by removing him as the CRUT trustee and imposing the other punishments.

Under La. C.C.P. art. 191, a court inherently possesses all power necessary for the exercise of its jurisdiction, even though not expressly granted by law. However, the power to punish for contempt of court shall be limited by law. La. Const. art. 5, §2. The legislature has provided such limitation by enacting La. R.S. 13:4611. *See* La. C.C.P. art. 227; *Leimkuhler v. Leimkuhler*, 07-2397 (La. App. 1 Cir. 5/2/08), 2008 WL 2068071 *3. Under La. R.S. 13:4611(1)(b), except as otherwise provided by law, a court may punish a person adjudged guilty of contempt of court therein, for disobeying a lawful injunction, by a fine of not more than $1,000, or by imprisonment for not more than six months, or both. Thus, unless "otherwise provided by law," the trial court here was limited to punishing Preston's contempt with a fine, or imprisonment, or both.

8

The question is whether La. R.S. 9:1789 is an exception to the contempt statute, which would allow the trial court to impose removal of a trustee as punishment for contempt. Under La. R.S. 9:1789, a proper court may remove a trustee for "sufficient cause." Elaine argues that a court may exercise its removal authority under La. R.S. 9:1789 on its own motion, even if no interested party has moved for such. As authority, Elaine cites to Uniform Trust Code §706, and to a comment to Restatement (Third) of Trusts §37, both which indicate that a court may remove a trustee on its own motion.[1] But, La. R.S. 9:1789 does not expressly provide that a court may remove a trustee on its own motion, nor does it allow such as part of a contempt proceeding. Further, we have found no Louisiana jurisprudential authority, nor have we been directed to any, interpreting La. R.S. 9:1789 to allow such. Louisiana jurisprudence *does*, however, clearly provide that contempt proceedings must be strictly construed, and the policy of our law does not favor extending their scope. *Capital City Press, L.L.C. v. LSU System Bd. of Supervisors*, 13-1803 (La. App. 1 Cir. 12/30/14), 168 So.3d 669, 674. Importantly, there are due process limitations applicable to contempt proceedings. Due process of law requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation. *State v. Watson*, 465 So.2d 685, 687 (La. 1985), *quoting In re Oliver*, 333 U.S. 257, 275-6, 68 S.Ct. 499, 508-09, 92 L.Ed.2d 682, 695 (1948); *State v. Broxson*, 163 La. 94, 111 So. 611, 612 (1927) (noting that a defendant found guilty of contempt received due process of law because he had been served with the rule for contempt,

---

[1] Uniform Trust Code §706(a) states: "The settlor, a cotrustee, or a beneficiary may request the court to remove a trustee, or a trustee may be removed by the court on its own initiative."

Restatement (Third) of Trusts §37 (2003), Comment (d) states:

> *Removal by court; judicial discretion.* A court may remove a trustee whose continuation in that role would be detrimental to the interests of the beneficiaries. ... The matter is largely left to the discretion of the trial court, but is subject to review for abuse of discretion.

> The court may act on the petition of any beneficiary, co-trustee, or other interested party, or on its own motion ... . The trustee is entitled to due process, with notice and an opportunity to be heard, although the court may suspend a trustee's powers ... pending a removal hearing.

9

had been clearly advised of the charges against him, the rule was contradictorily tried, and he had a full opportunity to offer evidence and present his case).

Here, the trial court's March 2019 hearing involved four matters: Elaine's motions for contempt, preliminary injunction, and to compel discovery, and Preston's motion for protective order. Preston had notice, an opportunity to prepare, and a chance to present argument and evidence on these four matters. The March 2019 hearing did not involve a motion to remove Preston as trustee. Thus, Preston did not have adequate notice, an opportunity to prepare, nor a chance to present argument and evidence on the issue of his removal. Even if the trial court had "sufficient cause" to remove Preston under La. R.S. 9:1789, a contempt proceeding was not the proper proceeding within which to impose removal as punishment.[2]

Hence, given our constitutional mandate that the power to punish for contempt shall be limited by law, the due process implications, and construing La. R.S. 13:4611 strictly, we decline to interpret La. R.S. 9:1789 as allowing removal of a trustee as a means of punishment for contempt under La. R.S. 13:4611. *Accord Stefanik v. Beam,* 12-2076 (La. App. 1 Cir. 6/7/13), 2013 WL 2488944 *3-4 (affirming a constructive contempt finding but reversing contempt punishment not authorized by La. R.S. 13:4611). Accordingly, we conclude the trial court committed legal error in removing Preston as the CRUT trustee as punishment for contempt of court. Based on this finding, we necessarily also conclude the trial court committed legal error in appointing Dr. Stephen D. Cook as the CRUT's successor trustee; ordering Preston to repay CRUT funds used to pay his litigation costs and attorney fees; and ordering Preston to provide a final accounting for the CRUT. We will reverse the April 2, 2019 judgment as to these

---

[2] Due process of law limitations also apply in trustee removal proceedings. For example, the State of Florida has a statute expressly allowing a court to remove a trustee on the court's own initiative. *See* West's FSA §736.0706(1). Even with this express statutory authority, a trustee is entitled to notice and an opportunity to be heard prior to his removal as trustee. In *Kountze v. Kountze,* 2D11-3758 (Fla. App. 2 Dist. 8/1/12), 93 So.3d 1164, 1165-66, although the trustee had been given a deadline by which to comply with discovery requests and threatened with a fine for failure to comply with a discovery order, the appellate court reversed the judgment removing him as trustee, where there was nothing in the record to put the trustee on notice that his removal was a possible sanction for failure to comply with the discovery order. *Accord* 76 Am.Jur.2d Trusts §227 (2d ed. February 2020 update), *Procedure For Removal or Discharge of Trustee, Generally; Review on Appeal* ("In exercising its jurisdiction to remove a trustee, the court does not act arbitrarily but upon certain well-defined principles, and after affording a trustee an opportunity to answer the charges against him or her, and giving notice and ample opportunity to be heard.") (Footnotes omitted.)

10

orders, and remand the contempt matter to the trial court to resentence Preston, at its discretion, within the limitations imposed under La. R.S. 13:4611. *See Boudreaux,* 993 So.2d at 735.

## CONCLUSION

For the reasons expressed herein, we render the following decision. We affirm the April 2, 2019 judgment insofar as it finds Preston L. Marshall guilty of contempt of court due to willful disobedience of the trial court's September 19, 2017 judgment, including his refusal to provide mandatory accountings and quarterly distributions.

We reverse the judgment insofar as it: removes Preston L. Marshall as trustee of the EPS/EPM Charitable Remainder Trust (CRUT); appoints Dr. Stephen D. Cook as trustee to succeed Preston L. Marshall; orders Preston L. Marshall to repay forthwith any and all CRUT funds used to pay his litigations costs and attorney fees; and, orders Preston L. Marshall to provide a final accounting for the CRUT.

We remand this matter to the trial court for resentencing on the contempt judgment and for further proceedings in conformity with this decision.

We deny Preston L. Marshall's application for supervisory writs. We deny Elaine T. Marshall's motion to dismiss that application as moot.

We assess costs of this appeal to Preston L. Marshall.

**APRIL 2, 2019 JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; WRIT DENIED; MOTION TO DISMISS DENIED AS MOOT; CASE REMANDED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0879 and 2019 CW 0601

ELAINE T. MARSHALL, INDIVIDUALLY AND AS CO-TRUSTEE
OF THE MARSHALL LEGACY FOUNDATION
AND THE MARSHALL HERITAGE FOUNDATION;
PROFESSOR STEPHEN D. COOK; AND E. PIERCE MARSHALL, JR.

VERSUS

PRESTON L. MARSHALL

**THERIOT, J., agrees in part; dissents in part.**

I respectfully agree in part and dissent in part. I agree that the trial court's punishment for contempt of court is limited to the punishments provided in La. R.S. 13:4611. However, I would affirm the trial court's removal of Preston Marshall as trustee. It is a well-established principle of statutory construction that <u>absent clear evidence of a contrary legislative intention</u>, a statute should be interpreted according to its plain language. *Cleco Evangeline, LLC v. Louisiana Tax Com'n*, 2001-2162 (La. 4/3/02); 813 So.2d 351, 354 (Emphasis added). The plain language of La. R.S. 9:1789 ("A trustee shall be removed . . . by the proper court for sufficient cause.") allows the trial court to remove Preston Marshall as trustee on its own initiative.

A trust is the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another. La. R.S. 9:1731. A trustee is a person to whom title to the trust property is transferred to be administered by him as a fiduciary. La. R.S. 9:1781. The very word "trustee" implies the strongest obligation on the part of the trustee to be chaste in all dealings with the beneficiary. *Albritton v. Albritton*, 622 So.2d 709, 713 (La. App. 1 Cir. 1993). The statutory provisions relative to the responsibilities of a trustee are rigid

and hold the trustee to a higher fiduciary responsibility to his beneficiary than that owed by a succession representative to heirs. *Albritton*, 622 So.2d at 713. Trustees are, by the very definition of their titles, entrusted to administer the Trust solely in the interest of the beneficiary.[1] *Chouest v. Chouest,* 2018-1484 (La. App. 1 Cir. 12/19/19); 292 So.3d 68, 76; see also La. R.S. 9:2082.

Considering the facts of this case, the trial court had sufficient cause to remove Preston Marshall as trustee. His actions violated several of his duties, including the failure to furnish information (La. R.S. 9:2089), the failure to act as a prudent administrator (La. R.S. 9:2090), and the failure to preserve the trust's property (La. R.S. 9:2091) by using funds from the trust to pay his own attorney's fees. He clearly breached his fiduciary duties as a trustee. See *Boyd v. Boyd*, 2010-1369 (La. App. 1 Cir. 2/11/11); 57 So.3d 1169, 1178.

Additionally, Preston had notice that his actions as trustee were under review. This matter has been ongoing since 2016, when Plaintiffs filed suit against Preston seeking the "release of mandatory disbursements" from the EPS/EPM Charitable Remainder Trust ("CRUT"). In July 2017, Plaintiffs filed a motion for preliminary injunction seeking to enjoin Preston from withholding CRUT accountings and distributions, and from using any property of the trust to pay for his attorney fees and costs related to the action. Additionally, Plaintiffs filed a motion to remove Preston as the CRUT trustee. On September 19, 2017, the trial court signed a judgment granting in part and denying in part Plaintiffs' motion for injunctive relief, and denying their motion to remove Preston as trustee.

---

[1] Several provisions in the Trust Code indicate the high standard to which a trustee is held. *Succession of Dunham*, 408 So.2d 888, 900 (La. 1981). La. R.S. 9:2090 provides that "[a] trustee shall administer the trust as a prudent person would administer it." La. R.S. 9:2085 prohibits the trustee from buying or selling trust property directly or indirectly from or to himself, his relative, his employer, employee, partner or other business associate. La. R.S. 9:2091 provides that "[a] trustee is under a duty to a beneficiary to take reasonable steps to take, keep control of, and preserve the trust property." These provisions of the Trust Code evidence the intention by the Legislature to place the very highest possible fiduciary responsibility on the trustee towards the beneficiaries. See *Succession of Dunham*, 408 So.2d at 900-01.

2

In July 2018, Elaine T. Marshall filed the motion for contempt currently before us, asking the trial court to hold Preston in contempt for willfully disobeying the trial court's September 19, 2017 judgment enjoining Preston from withholding distributions to Elaine from the CRUT. The trial court's consideration of Elaine's motion for contempt required that the trial court determine whether Preston had "intentionally, knowingly, and purposefully, without justifiable excuse" violated the trial court's September 19, 2017 judgment. See Lang v. Asten, Inc., 2005-1119 (La. 1/13/06); 918 So.2d 453, 454. In defending himself against the motion for contempt, Preston was defending the same actions for which he was ultimately removed as trustee: willfully and intentionally violating the trial court's judgment.

Further, La. Code Civ. P. art. 862 states:

> Except as provided in [La. Code Civ. P. art.] 1703,[2] a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.

La. Code Civ. P. art. 862 permits courts to render substantive justice on the basis of facts pled and to refuse to permit a denial of substantive rights due to technical defects of language or characterization of the case. So long as the facts constituting the claim or defense have been alleged and proved, the party may be granted any relief to which he is entitled under the fact pleadings and evidence, when the due process requirement of adequate notice to the parties of the matters to be adjudicated has been satisfied. Miller v. Thibeaux, 2014-1107 (La. 1/28/15); 159 So.3d 426, 432. Considering the facts alleged and proven, I would find that Elaine (and the plaintiffs of this case) were entitled to the relief granted, despite not specifically filing a second motion to have Preston removed as trustee.

Thus, although I agree that that the trial court cannot remove Preston as trustee as a punishment for contempt, I would affirm the trial court's removal of Preston on

---

[2] Louisiana Code of Civil Procedure article 1703 governs the scope of a final default judgment.

its own accord for the reasons stated above. I would also affirm the portion of the trial court's judgment appointing Dr. Stephen Cook as the successor trustee, ordering Preston to repay the trust funds used to pay his litigation costs and attorney fees, and ordering Preston to provide a final accounting for the trust.