THERIOT, J.
| ¡¡The appellant, USAA Life Insurance Company (USAA), appeals the order of the Nineteenth Judicial District Court, granting a motion for contempt, sanctions, and costs filed by the appellee, Cheryl S. Gree-son, against the appellant. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Dr. David Charles Greeson was the holder and the designated insured of a “30 Year Level Term III” life insurance policy issued by USAA. He was married to Jennifer S. Gilkes, who was a designated beneficiary on the policy. On January 17, 2014, Dr. Greeson filed for divorce from Ms. Gilkes. He contacted USAA by telephone and requested that the designated beneficiary on the policy be changed from Ms. Gilkes to his mother, Cheryl S. Greeson. By letter dated April 11, 2014, the change was confirmed by USAA.
On December 22, 2014, Dr. Greeson died. USAA’s policy was still in effect at the time of his death. Mrs. Greeson submitted a claim to USAA on January 12, 2015 to receive the policy proceeds as the designated beneficiary of the policy. On January 26, 2015, Mrs. Greeson was notified by USAA that it had also received a claim for the proceeds from Ms. Gilkes, and the claim was under review by USAA.
On February 26, 2015, Mrs. Greeson filed a petition for declaratory judgment and injunctive relief, praying that she be declared the beneficiary of the policy proceeds, and that USAA be enjoined from tendering the proceeds to anyone else. On March 31, 2015, USAA filed a petition for concursus, naming Mrs. Greeson and Ms. Gilkes as defendants and deposited the policy proceeds into the trial court’s registry.
LOn October 2, 2015, USAA filed a motion for a protective order for production of proprietary record and motion to quash 1442 deposition.[1] In the motion, USAA states that it does accept beneficiary changes by telephone, and stated the same in its answers to Mrs. Greeson’s interrogatories. USAA alleges it proposed a protective order to Mrs. Greeson, which would have allowed it to produce an internal proprietary policy showing its procedures for accepting beneficiary changes, especially changes made by telephone; however, Mrs. Greeson did not consent to the protective order and instead gave notice to USAA of a deposition pursuant to La. C.C.P. art. 1442. USAA further alleged that a 1442 deposition in this matter would only serve to elicit information that is irrelevant to the case and cause “annoyance, embarrassment, oppression or undue burden or expense” to USAA.
*1069 A hearing was held November 3, 2015 on USAA’s motions. In the hearing, the trial court ordered that both motions were denied. Counsel for USAA informed the trial court that the 1442 deposition was scheduled for November 13, 2015. Counsel also discussed other pending matters before the trial court, such as a motion for summary judgment and a ruling on a stipulated judgment in the divorce proceeding, and suggested that the trial court rule on the motion for summary judgment prior to the taking of the deposition. The trial court responded, “I appreciate your suggestion, but the matter will go forward as scheduled.”
|Jn an email dated November 11, 2015, counsel for USAA informed Ms. Greeson that it would not proceed with the deposition, which was to take place in San Antonio, Texas, without its protective order in place to prevent the discovery of certain records which it deemed confidential and proprietary. In the absence of such an order, USAA believed it must first apply for supervisory writs.
On November 13, 2015, counsel for Mrs. Greeson arrived at the deposition location in San Antonio, but USAA did not appear for the deposition. A representative of USAA did appear merely to state its intention to not go forward with the deposition. Counsel for USAA appeared via telephone to formally object to the deposition and stated that the trial court had not issued a signed judgment which denied the motion for protective order and motion to quash. After these discussions ended, the meeting adjourned without the deposition taking place.
That same day, Mrs. Greeson filed a motion and order for contempt, sanctions, and costs, and a request for expedited consideration based on USAA’s non-appearance at the deposition. On November 16, 2015, USAA filed a motion and order to stay discovery proceedings pending application for supervisory writs. On November 17, 2015, the trial court signed the judgment denying USAA’s motions for protective order for production of proprietary record and to quash 1442 deposition, which were heard on November 3, 2015. USAA subsequently filed a notice of intent to apply for supervisory writs, challenging the judgment that was signed on November 17, 2015.
On February 26, 2016, the trial court signed an order granting Mrs. Greeson’s motion for contempt, sanctions and costs against USAA, and ordered USAA to pay all costs associated with the 1442 deposition. On the |Bsame day, the trial court denied USAA’s motion to stay. This Court denied USAA’s supervisory writ on March 21, 2016.[2] USAA now appeals the trial court’s February 26, 2016 order.
ASSIGNMENTS OF ERROR
USAA raises two assignments of error:
1. The trial court manifestly erred and abused its discretion when it granted the motion for contempt. USAA did not disobey a court order because the trial court’s judgment denying USAA’s motion to quash 1442 deposition and motion for protective order did not compel USAA to appear for a deposition.
2. The trial court manifestly erred and abused its discretion when it granted the motion for contempt. USAA did not appear for the 1442 deposition based on a good faith belief that appearing and offering testimony on the *1070 confidential, privileged and proprietary information which USAA sought to protect would have mooted its writ application.
STANDARD OF REVIEW
The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying a court order, and the court’s discretion should be reversed only when the appellate court discerns an abuse of that discretion. Boudreaux v. Vankerkhove, 2007-2555 (La.App. 1 Cir. 8/11/08), 993 So.2d 725, 733. While the trial court’s ultimate decision to hold a party in contempt of court is subject to review under the abuse of discretion standard, the trial court’s predicate factual determinations are reviewed under the manifest error standard in the case of a civil contempt. Boyd v. Boyd, 2010-1369 (La.App. 1 Cir. 2/11/11), 57 So.3d 1169, 1178.
DISCUSSION
Both of USAA’s assignments of error question the appropriateness of the trial court’s contempt ruling, and will therefore be reviewed together.
| ^Louisiana Code of Civil Procedure article 221 provides for two kinds of contempt: direct and constructive. Constructive contempt is at issue in the instant case, specifically the wilful disobedience of any lawful judgment, order, mandate, writ, or process of the trial court. La. C.C.P. art. 224(2). To be guilty of constructive contempt, USAA must have violated the order of the trial court intentionally, knowingly, and purposefully, without justifiable excuse. See Short v. Short, 2012-0312 (La. App. 5 Cir. 11/13/12), 105 So.3d 892, 896.
Black’s Law Dictionary (6th ed. 1990) defines an “order” as a “mandate; precept; command or direction authoritatively given; rule or regulation.” Id. at 1096. Similarly, “mandate” is defined as a “command, order, or direction, written or oral, which court is authorized to give and person is bound to obey.” Id. at 962. In the transcript of the November 3, 2015 hearing, it is evident that the trial court is giving counsel for USAA an order and/or mandate through the following exchange:
[[Image here]]
THE COURT: A1 right, your motion for protective order and the motion to quash the 1442, the court is denying....
[[Image here]]
[USAA]: Your honor, may I be heard briefly on the—
THE COURT: On what, counsel?
[USAA]: On the 1442 deposition, both on the scope as we’ve addressed as well as the timing on the 1442 deposition.
THE COURT: The scope is what has been noticed to you all. Now timing, I will hear you on the timing.
[USAA]: Your honor, the date that [Mrs. Greeson] proposed and they proposed this just last week, is November 13th. We have a conflict with a jury trial on that date. I recognize the interests of [Mrs.] Greeson in trying to get this done quickly, your honor. But your honor has the pending motion for summary judgment before it. Your honor has an opportunity to rule on the stipulated judgment in the divorce proceeding, whether that barred the beneficiary change in the policy. And |7depending on the outcome of that, this issue may be moot. And I would suggest to your honor that you could rule on the motion for summary [judgment] coming up next month before proceeding with the corporate deposition.
THE COURT: I appreciate your suggestion, but the matter will go forward as scheduled.
*1071 [[Image here]]
[USAA]: Thank you, your honor.
It can be seen from this exchange that counsel for USAA specifically asked for and received clarification from the trial court as to the scope and timing of the 1442 deposition. The trial court then issued an oral order that “the matter will go forward as scheduled,” and that the scope of the deposition would be what was contained in the notice of deposition. The notice listed numerous testimony topics, including USAA’s internal policies and procedures concerning changes of beneficiaries and the acceptance of electronic signatures. When an order is given to a party in open court, and the party fails to comply with the order, there is no abuse of discretion in finding that party in contempt of court. See Allen v. Allen, 2013-0996, 2014 WL 7368574 (La.App. 1 Cir. 12/29/14), p. 5 (unpublished), writ denied, 2015-0214 (La. 5/22/15), 171 So.3d 922.
Furthermore, we are not convinced of USAA’s contention that its non-appearance at the deposition was done in good faith. Its argument that appearing would have mooted its writ application fails simply by the fact that the writ was not applied for until December 2, 2015. For the same reason, USAA’s motion to stay cannot be considered as evidence of good faith since it was filed three days after the scheduled deposition. Since neither the motion to stay nor the writ application were filed before the deposition, they cannot be used as a justification for not appearing at the deposition. Cf. Lang v. Asten, Inc., 2005-1119 (La. 1/13/06), 918 So.2d 453, 454. (A party cannot be “wil-fully disobeying” a court order when it immediately seeks review of that order.)
For the above reasons, we find that USAA was aware of the trial court’s order to proceed with the 1442 deposition and wilfully refused to do so. The after-the-fact filing of pleadings to stay and seek review of the order cannot be construed as acting in good faith. The trial court did not abuse its discretion in finding USAA in contempt, and these assignments of error are without merit.
DECREE
The order of the Nineteenth Judicial District Court holding USAA Life Insurance Company in contempt and its imposition of sanctions and costs is affirmed. All costs of this appeal are assessed to USAA Life Insurance Company.
AFFIRMED.

. Louisiana Code of Civil Procedure art. 1442 states:
A party may in his notice name as the deponent a public or private corporation or a partnership or association or governmental agency and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify. The persons so designated shall testify as to matters known or reasonably available to the organization. This Article does not preclude taking a deposition by any other procedure authorized in this Chapter.

. Cheryl S. Greeson v. USAA Life Insurance Company, 2015 CW 1963 (La. App. 1 Cir. 3/21/16) (unpublished writ action).