STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 0708

CAROLYN SMITH, INDIVIDUALLY AND AS TUTRIX OF HER MINOR
CHILD, THOMAS SMITH, JR. AND DAVITA ROBINSON

VERSUS

DAMON ROBERTSON, BIANCA ROBERTSON, PROGRESSIVE
PALOVERDE INSURANCE COMPANY AND ABC INSURANCE COMPANY

**Judgment Rendered:** **MAR 0 3 2022**

* * * * * *

On appeal from the
Seventeenth Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Docket Number 140102

Honorable John E. LeBlanc, Judge Presiding

* * * * * *

| | |
|---|---|
| Carolyn Smith<br>Raceland, LA | Counsel for Plaintiffs/Appellants<br>In proper person and as tutrix of<br>her minor child, Thomas Smith, Jr. |
| Susan E. Dinneen<br>Robin D. Cassedy<br>Paul A. Babineaux<br>New Orleans, LA | Counsel for Defendants/Appellees<br>Damon Robertson, Bianca<br>Robertson, and Progressive<br>Paloverde Insurance Company |

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

Holdridge J, concurs w/ Reasons

**GUIDRY, J.**

The plaintiff challenges the trial court's judgment that dismissed her claims with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff Carolyn Smith, individually and as tutrix of her child, Thomas Smith, Jr., commenced this action on January 24, 2020, against defendants Damon Robertson, Bianca Robertson, and Progressive Paloverde Insurance Company (Progressive). Ms. Smith claimed that Damon Robertson, who was operating a vehicle owned by Bianca Robertson, caused a car collision resulting in injuries to her and her child, Thomas Jr.[1]

During the course of these proceedings, Progressive sought discovery from Ms. Smith. However, after Ms. Smith failed to respond to written interrogatories and requests for production of documents served upon her, Progressive filed a motion to compel the plaintiff's discovery responses. Thereafter, a consent judgment, which was signed by the trial court on August 27, 2020, ordered the plaintiff to respond to Progressive's discovery requests on or before August 10, 2020, or be subject to penalties and/or attorney fees.

Thereafter, on October 5, 2020, the defendants moved to hold plaintiffs Carolyn Smith and Thomas Smith, Jr. in contempt for failure to comply with the provisions contained in the consent judgment signed by the trial court. The defendants further moved for an order of dismissal with prejudice for failure to obey an order to permit discovery. A hearing was held on February 12, 2021, after which the trial court rendered its judgment in open court and subsequently signed a judgment on May 4, 2021, granting the defendants' motion for contempt and dismissing Ms. Smith's claims (individually and on behalf of her minor son) with

---

[1] Davita Robinson was also a passenger in Ms. Smith's car and filed suit against Progressive and its insured. However, Ms. Robinson's claims are not at issue in this appeal.

prejudice. Ms. Smith now appeals that judgment. Ms. Smith essentially contends that her civil rights have been violated and that she has been denied access to counsel and meaningful access to the courts under the Americans with Disabilities Act (ADA). Ms. Smith also contends the trial court erred in granting the "Motion to Dismiss on Contempt."[2]

## DISCUSSION

Before reaching the merits of this appeal, we will first address Ms. Smith's assertion that her civil rights and right to counsel were violated, noting that the record does not show that Ms. Smith sought appointment of any counsel through the trial court or under the ADA until after the hearing wherein the trial court rendered judgment.[3] Nevertheless, this is not a criminal proceeding, wherein the federal or state constitutional right to court-appointed counsel would apply. See U.S. Const. amends. 6, 14; La. Const. art. 1, § 13. In addition, as this court previously stated in Smith v. Dugas, 19-0852 (La. App. 1st Cir. 2/26/20), 2020

---

[2] According to Ms. Smith, the following specific issues are before this court for review: 1) whether the trial court denied her access to the courts under the ADA; 2) whether her civil rights and rights to counsel were violated under the U.S. Constitution; 3) whether Attorney John J. Erny violated her and her son's Fourth Amendment rights by illegally obtaining medical records; and 4) whether the trial court lacks subject matter jurisdiction.

Herein, we will not address issue three, as an appellate court must render its judgment upon the record on appeal. See La. C.C.P. art. 2164. This court has no authority to consider facts not contained in the record on appeal. See In re Succession of Badeaux, 08-1085, p. 6 (La. App. 1st Cir. 3/27/09), 12 So. 3d 348, 352, writ denied, 09-0822 (La. 5/29/09), 9 So. 3d 166. Further, as a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. Johnson v. Montoya, 13-1951, p. 6 (La. App. 1st Cir. 5/2/14), 145 So. 3d 418, 422; see also Uniform Rules-Courts of Appeal, Rule 1-3.

Regarding issue four, subject matter jurisdiction, while Ms. Smith has raised this issue for the first time on appeal, and additionally has not briefed it, the declinatory exception raising the objection of lack of subject matter jurisdiction may be raised at any stage of an action. See Bon Amis Investments, LLC v. Lapeyrouse, 15-1459, p. 4 n.2 (La. App. 1st Cir. 5/5/16), 195 So. 3d 514, 517 n.2. Subject matter jurisdiction is the legal power and authority of a tribunal to adjudicate a particular matter involving the legal relations of the parties and to grant the relief to which the parties are entitled. See La. C.C.P. arts. 1 and 2. The Louisiana Constitution vests district courts with original jurisdiction over all civil matters, unless there is other jurisdictional authorization in the constitution. See La. Const. art. 5, § 16(A). We find no merit in Ms. Smith's assertion that the trial court lacked subject matter jurisdiction, as disputes over personal injuries and damages generally involve civil matters within the jurisdiction of the district court.

[3] We also note that Ms. Smith terminated her counsel of record.

3

WL913673 *2, generally there is no constitutional right to counsel in a civil proceeding unless fundamental constitutional rights are involved. The fact that a civil litigant qualifies for protections under the ADA does not entitle him or her to the appointment of counsel. The ADA does not carry with it, even for claims brought thereunder, any inherent or absolute right to counsel. Smith, 19-0852 at p. 2, 2020 WL913673 at *2. Accordingly, we find no merit in Ms. Smith's arguments on these matters.

We now turn to the motion for contempt and the merits of this appeal. A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. La. C.C.P. art. 221. Authority to punish for contempt of court falls within the inherent power of the court to aid in the exercise of its jurisdiction and to enforce its lawful orders. Rogers v. Dickens, 06-0898, p. 8 (La. App. 1st Cir. 2/9/07), 959 So. 2d 940, 945-946.

Contempts of court are direct or constructive. La. C.C.P. art. 221. Willful disobedience of any lawful judgment constitutes a constructive contempt of court. See La. C.C.P. art. 224(2). To find willful disobedience, the trial court must find that the person violated the court's order intentionally, knowingly, and purposefully, without justifiable excuse. Lang v. Asten, Inc., 05-1119, pp. 1-2 (La. 1/13/06), 918 So. 2d 453, 454 (*per curiam*).

A trial court is vested with great discretion in determining whether a party should be held in contempt of court, and its decision will only be reversed when the appellate court finds an abuse of that discretion. Greeson v. USAA Life Insurance Company, 16-0667, p. 5 (La. App. 1st Cir. 12/22/16), 209 So. 3d 1066, 1070. While we review the ultimate contempt decision under the abuse of discretion standard, in a case of civil contempt, we review the trial court's predicate factual determinations under the manifest error standard. Greeson, 16-

4

0667 at p. 5, 209 So. 3d at 1070. Thus, on review of the facts, we do not decide whether the trial court was right or wrong; rather, we consider the entire record to determine whether a reasonable factual basis exists for the finding. Marshall v. Marshall, 19-0879, p. 5 (La. App. 1st Cir. 7/14/20), 308 So. 3d 1178, 1182, writ denied, 20-01009 (La. 11/4/20), 303 So. 3d 652.

A proceeding for contempt for refusing to obey a court's order is not designed for the benefit of the litigant, though infliction of punishment may inure to the benefit of the mover in the rule. Rather, the object of a contempt proceeding is the vindication of the dignity of the court. Schmidt v. Schmidt, 18-0202, p. 7 (La. App. 1st Cir. 1/3/19), 270 So. 3d 804, 809.

The trial court addressed Ms. Smith at the hearing on the motion for contempt, stating in part:

> [W]hat's in the minutes from November – that the matter came up for contempt on November 19[th]. ... You informed me that you needed more time to find a lawyer. I believe I granted your request for additional time. We talked about today being the time – additional time – two and a half months from November 19[th] – December, January – almost three months. There's been no activity. You can certainly represent yourself. But if there's been no further responses, no advancing of the issue of answering the discovery, it's – it doesn't comply with the order for the original motion to compel. Which is, you need to give the information and you have continued to refused to.
>
> ***
>
> The information is deficient; it's not in proper form.[4] It doesn't respond to the [i]nquiry. And as you know and as I've done – I've had to do, based on failure to cooperate in other actions – this is the same result. When there's been a failure to respond to both discovery requests and then sanctions for failing to respond to discovery requests, the ultimate sanction is dismissal of the claims.

Here, we find no manifest error in the trial court's determination that Ms. Smith's willful disobedience was intentional and without justifiable excuse. While we acknowledge that the sanction of dismissal is reserved for the most culpable conduct, we cannot say the trial court abused its discretion under the specific facts

_____

[4] We note that Ms. Smith responded to discovery with some partial, unsigned responses.

of this case. Rather, we find a reasonable factual basis in the record to support the trial court's conclusion that Ms. Smith was in contempt of court, as Ms. Smith failed to comply with the consent judgment signed by the trial court, which she entered into while represented by counsel. Ms. Smith further failed to obtain new counsel after terminating her counsel of record and being granted additional time by the court to do so.[5]

As stated by the trial court at the hearing, "[W]e're not in any different shape than we were in November, ... But it's the same result because it's the same thing that happens on a regular basis." Furthermore, as indicated by the trial court, Ms. Smith was aware, based on her previous cases before the court, that a failure to respond to discovery requests could very well lead to a dismissal of her claims.[6] We therefore conclude that the trial court did not abuse its discretion in holding Ms. Smith in contempt of court, nor did it abuse its discretion in dismissing her claims.

## CONCLUSION

For the above and foregoing reasons, we affirm the May 4, 2021 judgment of the trial court granted in favor of Damon Robertson, Bianca Robertson, and Progressive Paloverde Insurance Company and against Carolyn Smith, individually and as tutrix of her minor child, Thomas Smith, Jr. All costs of this appeal are assessed to the plaintiff/appellant, Carolyn Smith.

**AFFIRMED.**

---

[5] While Ms. Smith has the right to represent herself, she indicated to the court at a previous contempt hearing on November 19, 2020, that she needed time to obtain new counsel after terminating her counsel of record. The court granted her request, indicating that the contempt would proceed on February 12, 2021, with or without counsel of record for Ms. Smith. At the February 12, 2021 hearing, Ms. Smith told the court that she had spoken with attorneys who might take her case, but refused to identify them.

[6] See In re Smith, 19-0432 (La. App. 1st Cir. 6/1/20), 2020 WL2832626 *2 (wherein this court affirmed the dismissal of a personal injury suit filed by Ms. Smith on a motion for contempt for Ms. Smith's failure to comply with a discovery order).

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0708

CAROLYN SMITH, INDIVIDUALLY AND AS TUTRIX OF HER MINOR CHILD, THOMAS SMITH, JR. AND DAVITA ROBINSON

VERSUS

DAMON ROBERTSON, BIANCA ROBERTSON, PROGRESSIVE PALOVERDE INSURANCE COMPANY AND ABC INSURANCE COMPANY



**Holdridge, J., concurring.**

I will concur with your report. The consent judgment in this case, which is the basis for the contempt ruling, does not specifically state that if Ms. Smith fails to respond to the defendant's discovery request that her suit would be dismissed with prejudice. The consent judgment provides that if the plaintiffs failed to respond, they would be subject to "penalties and/or attorney fees." While the defendant's motion is titled a "Motion for Contempt," it appears from its content that the defendant is asking for both contempt and sanctions under La. C.C.P. art. 1471. The sanctions outlined in La. C.C.P. art. 1471 are imposed when a party fails to comply with the trial court's discovery order. See **In re Medical Review Panel**, 1999-2088 (La. App. 1 Cir. 12/22/00), 775 So.2d 1214, 1217; **Southern Aggregates, LLC v. Baker**, 2019-0986 (La. App. 1 Cir. 4/8/20), 294 So.3d 1076, 1081. The Supreme Court in **Horton v. McCary**, 93-2315 (La. 4/11/94), 635 So.2d 199, 200, acknowledged that "dismissal ... [is a] draconian penalt[y] which should be applied only in extreme circumstances." The Supreme Court further stated in **Horton** that "those sanctions are generally reserved for the most culpable conduct." Courts have also held that the ultimate sanction (dismissal with prejudice) should not be imposed

unless the record shows that the plaintiff was clearly aware that noncompliance would result in the sanction of dismissal. See **In re Medical Review Panel**, 775 So.2d at 1217.

In this case, I can find no evidence in the record wherein Ms. Smith was specifically warned that if she did not comply with the discovery order in the consent judgment that her case would be dismissed with prejudice in accordance with Louisiana Code of Civil Procedure article 1471(A)(3). I would hold that in the case of a self-represented litigant, it is essential that the litigant be informed that a failure to comply with a discovery order may be grounds for dismissing her lawsuit before that sanction is applied. However, in this case, the court found that the plaintiff was aware of the sanction of dismissal since a previous case was dismissed for failing to comply with the court's order.