STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0504
No. 2021-12239 Division "I"

TIMOTHY MATTHEW BLACKWOOD

VERSUS

ROBERT REEVES

C/W 2023 CA 0505
No. 2021-12240 Division "I"

JESSICA LYNN BLACKWOOD

VERSUS

ROBERT REEVES

C/W 2023 CA 0506
No. 2021-12242 Division "H"

TIMOTHY MATTHEW BLACKWOOD

VERSUS

LAURIEN REEVES

C/W 2023 CA 0507
No. 2021-12244 Division "H"

JESSICA LYNN BLACKWOOD

VERSUS

LAURIEN REEVES

Judgment Rendered: ___**FEB 2 9 2024**___

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana

The Honorable Reginald T. Badeaux, III, Judge Presiding

* * * * *

| | |
|---|---|
| Thomas H. Gray<br>Slidell, Louisiana | Attorney for Defendant/Appellant<br>Laurien Reeves |
| L. Kevin Coleman<br>Mandeville, Louisiana | Attorney for Defendant/Appellant<br>Robert Reeves |
| Tammy M. Nick<br>Slidell, Louisiana | Attorney for Plaintiffs/Appellees<br>Timothy Matthew Blackwood and<br>Jessica Lynn Blackwood |

**BEFORE: WELCH, HOLDRIDGE,[1] WOLFE, MILLER, AND GREENE, JJ.**

---

[1] The Honorable Guy Holdridge, retired, is serving as judge *pro tempore* by special appointment of the Louisiana Supreme Court.

*Miller, J dissents in part*

**HOLDRIDGE, J.**

This appeal is from a judgment of contempt and a motion to modify a preliminary injunction into a permanent injunction. For the reasons that follow, we reverse the trial court's judgment and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

This case involves a dispute between neighbors. The appellees, Timothy Matthew Blackwood and Jessica Lynn Blackwood, were next-door neighbors with the appellants, Robert Reeves and Laurien Reeves, in Slidell, Louisiana. On May 18, 2021, the Blackwoods each filed a petition for protection from stalking or sexual assault and a temporary restraining order against the Reeves, resulting in four different case numbers.[2] In their petitions, the Blackwoods alleged that Mr. Reeves yelled at them through the fence in their backyard with "harassing remarks" and that they feared for the safety of their family. Mr. Blackwood alleged that the intentional harassment and stalking was a re-occurring issue. Mr. Blackwood attached to his petition a sheet that documented the past incidents that began in June of 2019. The incidents included Mr. Reeves discharging a firearm in close proximity to the Blackwoods' home, Mr. Reeves allowing his boat to trespass onto the Blackwoods' property, and Mr. Reeves shining a flashlight into the Blackwoods' living room through their windows.

On June 11, 2021, a hearing officer was scheduled to hear the two petitions for protection from stalking or sexual assault and two temporary restraining orders.[3] Subsequent to the hearing, the parties consented to the dismissal of the protective

---

[2] The appeals of those proceedings were assigned docket numbers 2023 CA 0504, 2023 CA 0505, 2023 CA 0506, 2023 CA 0507.

[3] We note that all four of the Blackwoods' cases were consolidated by the trial court.

2

orders and the issuance of a preliminary injunction in favor of the Blackwoods.[4] The preliminary injunction prohibited the Reeves from harassing or threatening the Blackwoods and from going within fifteen yards of the Blackwoods or their residence. The preliminary injunction ordered the Reeves to relocate any cameras that were directed at the Blackwoods' property, as well as not having any lights directed at the Blackwoods' property and home. The Reeves were also ordered not to have any firearms on their property. The preliminary injunction was signed on June 15, 2021, and was to remain in effect until March 31, 2022.

On November 24, 2021, the Blackwoods filed a Rule for Contempt against the Reeves, alleging that they failed to comply with the preliminary injunction. The Blackwoods stated that one of the Reeves' outdoor cameras was turned slightly, but was not relocated, and another outdoor camera of the Reeves was never relocated on the balcony of their home. The Blackwoods further stated that the Reeves continued to have outdoor lights shining into their home at night, as well as playing loud music "in a purposeful effort to disturb the [Blackwoods.]"

On March 15, 2022, the trial court held a hearing on the Rule for Contempt where testimony was heard and evidence was submitted. The trial court found the Reeves to be in contempt and fined them each $500.00 to be paid within thirty days, awarded the Blackwoods attorney's fees, extended the expiration date of the injunction to November 15, 2022, and ordered a review hearing to be set for May 10, 2022.[5] The Reeves were also ordered to bring their property into compliance

---

[4] We note that the preliminary injunction should have been issued in conformity with La. C.C.P. art. 3601, *et seq.* It appears that the trial court failed to follow the correct procedure when issuing the Blackwoods' preliminary injunction. The initial petitions for protection from stalking or sexual assault and temporary restraining orders were converted by the trial court into a preliminary injunction. Thereafter, the articles of the Code of Civil Procedure regarding preliminary and permanent injunctions became applicable.

[5] The Blackwoods alleged that they waived a compliance hearing due to the Reeves' efforts to achieve compliance.

3

with the preliminary injunction on or before April 15, 2022. On March 31, 2022, the trial court signed a judgment in accordance with its ruling.

On November 3, 2022, the Blackwoods filed a Second Rule for Contempt and Motion to Modify Preliminary Injunction against the Reeves, wherein they alleged that the Reeves "willfully and intentionally conspired to and did violate the Preliminary Injunctions by incessantly harassing the [Blackwoods.]" The Blackwoods were in the process of extending their outdoor fence in the summer of 2022, when they started to receive visits from various businesses and departments from St. Tammany Parish to investigate "an addition on their home without a permit." These departments included a representative from Entergy, St. Tammany Parish Code Enforcement Department, a drainage inspector from St. Tammany Parish Department of Engineering, and the Louisiana Department of Wildlife and Fisheries. The Blackwoods alleged that these various departments visited their home to investigate "frivolous and unfounded complaints made by the [Reeves] to harass the [Blackwoods.]"

In addition to the alleged harassment, the Blackwoods stated that Mrs. Reeves filed a frivolous petition for protection from abuse against Mr. Blackwood in an effort to retaliate against the Blackwoods for filing the preliminary injunction. After several continuances, Mrs. Reeves dismissed her petition. Therefore, the Blackwoods asked the trial court to find the Reeves in contempt for violating the preliminary injunction and asked the trial court to "extend the preliminary injunction for another 365 days or longer if the [c]ourt [found] good cause to do so[.]"

On January 4, 2023, the trial court held a hearing on the Blackwoods' Second Rule for Contempt and Motion to Modify Preliminary Injunction. Both Mr. and Mrs. Blackwood testified at the hearing, as well as their neighbor, Gary Duplechain,

4

who lived on their street. The Reeves did not testify at the hearing.[6] The Blackwoods introduced several exhibits[7] into evidence at the hearing, including: (1) a January 25, 2022 complaint allegedly made by the Reeves regarding the Blackwoods' property; (2) a February 15, 2022 complaint allegedly made by the Reeves regarding the Blackwoods' property; and (3) a July 14, 2022 complaint allegedly made by the Reeves regarding the Blackwoods' property. However, none of these exhibits submitted into evidence specifically stated that Mr. Reeves made the complaints regarding the Blackwoods' property.

The Blackwoods also submitted into evidence the correspondence between Mr. Reeves and the Department of Wildlife and Fisheries dated July 20, 2022, and July 21, 2022.[8] The correspondence showed an e-mail from Mr. Reeves to a Department of Wildlife and Fisheries agent stating his concern about the actions of the Blackwoods on their property affecting the potential sale of his home. Specifically, Mr. Reeves stated in the e-mail that he was concerned with "additional fill brought into the flood prone area [that they lived] in." Mr. Reeves further stated in another e-mail to the Department of Wildlife and Fisheries agent that his property would continue to see flooding and water retention as a result of the work being done without approval or permits. It is presumed that the work Mr. Reeves was referring to was the work being done by the Blackwoods, as the complaint by Mr. Reeves contained pictures of the Blackwoods' property and referenced their address. The Blackwoods argued that this specific complaint to the Department of Wildlife and

---

[6] On December 14, 2022, Mr. Reeves filed a motion to continue the hearing, noting that he would be out of the country on a previously scheduled work assignment on the day of the hearing. The trial court denied the motion to continue at the hearing on January 4, 2023.

[7] We note that several other exhibits were submitted into evidence by the Blackwoods to support their case.

[8] At the hearing, Mr. Blackwood stated that his wife made a public records request to St. Tammany Parish and to the Department of Wildlife and Fisheries asking for any complaints related to their address.

5

Fisheries was significant because on July 20, 2022, Mrs. Reeves dismissed her petition for protection from abuse against Mr. Blackwood.[9] In sum, the Blackwoods argued that all of these complaints about their property occurred after their first Motion for Contempt was filed against the Reeves, warranting repeated acts of harassment against them.

After hearing arguments from counsel, the trial court made an oral ruling, finding that it was Mr. Reeves who made all of these complaints regarding the Blackwoods' property. Therefore, the trial court denied the rule for contempt against Mrs. Reeves and granted the rule for contempt against Mr. Reeves, finding that the Blackwoods proved by clear and convincing evidence that Mr. Reeves "engag[ed] in a course of action ... to harass the [Blackwoods, and] to waste their time and to cause [them] anxiety." Mr. Reeves was fined $5,000.00 and if he defaulted, he was to serve thirty days in the parish jail. Mr. Reeves was also cast with all court costs and attorney's fees. The trial court granted the Blackwoods' Motion to Modify Preliminary Injunction and converted it into a permanent injunction against both Mr. and Mrs. Reeves. On January 26, 2023, the trial court signed a judgment in accordance with its oral ruling. Subsequently, Mr. and Mrs. Reeves, separately, devolutively appealed the January 26, 2023 judgment.

On appeal, Mr. Reeves assigns as error the following:

1. The trial court erred in applying the wrong burden of proof, but even under the "clear and convincing evidence" burden it did apply was manifestly erroneous as a matter of law as well as fact in finding [Mr. Reeves] in contempt [for] alleged acts of "harassment."

2. The trial court erred in including [Mr. Reeves'] wife when it declared the expired injunction to be permanent and in requiring [Mr. Reeves'] wife to divorce him in order to be released from same.

3. Strictly in the alternative the trial court erred in assessing a fine that was prohibited by black letter law.

On appeal, Mrs. Reeves assigns as error the following:

---

[9] We note that Mrs. Reeve's case against Mr. Blackwood is not part of the record on appeal.

1. The [trial] [c]ourt erred in applying the "clear and convincing" burden of proof when "beyond a reasonable doubt" burden is required.

2. The [trial] [c]ourt erred by allowing "hearsay" e[-]mail evidence into the record under the business records exception to the hearsay rule.

3. The [trial] [c]ourt erred by imposing a permanent injunction on Defendant, [Mrs.] Reeves[,] based on her status as the wife of [Mr.] Reeves. The "guilt by association" placed on Mrs. Reeves puts her in a position requiring her to defend the judgment imposed against Mr. Reeves.

4. The [trial] [c]ourt erred by suggesting that the [trial] [c]ourt's imposition of the permanent injunction against Mrs. Reeves would be lifted if Mrs. Reeves divorced her husband, [Mr.] Reeves. The suggestion of the [trial] [c]ourt had a chilling effect on the exercise of the legal rights of Mrs. Reeves.

5. The [trial] [c]ourt erred by concluding that the unverified hearsay circumstantial evidence proved that the "intent" of [Mr.] Reeves was to harass [the Blackwoods] when he allegedly reported [the Blackwoods'] building code violations to St. Tammany Parish Code Enforcement and wetlands violations to the Louisiana Department of Wildlife and Fisheries.

6. The [trial] [c]ourt erred by concluding that the building code violations and wetlands violations were a "red herring" of no concern in balancing the right of [Mr.] Reeves to express his First Amendment freedom of speech against the [trial] court[']s dignity in obeying the [trial] court[']s prior order.

7. The [trial] [c]ourt erred by not strictly construing its own injunction orders.

8. The [trial] [c]ourt erred by not requiring the circumstantial evidence to exclude every reasonable hypothesis of innocence.

9. The [trial] [c]ourt erred by failing to give proper weight to the affidavit of Representative Robert Owen that there was no building permit issued for work done on the [Blackwoods'] property.

10. The [trial] [c]ourt erred by ordering [the Reeves] to pay attorney[']s fees to [the Blackwoods'] attorney.

## APPLICABLE LAW

An applicant must show that irreparable injury, loss, or damage may otherwise result to the applicant before an injunction may be issued. *See* La. C.C.P. art. 3601.

7

Courts are generally reluctant to issue an injunction to restrain torts such as defamation or harassment. Lassalle v. Daniels, 96-0176 (La. App. 1 Cir. 5/10/96), 673 So.2d 704, 709, writ denied, 96-1463 (La. 9/20/96), 679 So.2d 435, cert. denied, 519 U.S. 1117, 117 S.Ct. 963, 136 L.Ed.2d 848 (1997). An injunction is a harsh, drastic, and extraordinary remedy and is only issued where the petitioner is threatened with irreparable loss or injury without adequate remedy at law. Irreparable injury is that which cannot be adequately compensated in damages, or for which damages cannot be compensable in money. Id.

The request for a permanent injunction in an ordinary proceeding can only be granted after a trial on the merits, in which the burden of proof must be founded on a preponderance of the evidence, rather than a *prima facie* showing. Hughes v. Muckelroy, 97-0618 (La. App. 1 Cir. 9/23/97), 700 So.2d 995, 998. After a full trial on the merits, the question of whether a permanent injunction should be granted or denied is addressed to the sound discretion of the trial court, and the trial court's decision will be disturbed on review only in cases where a clear abuse of its discretion has been shown. Lassalle, 673 So.2d at 708.

Violation of an injunctive order may be punished by contempt, by an action for damages, or by compelling the actor to undo any act performed in violation of the injunctive order. In re Interdiction of Wright, 2013-0862 (La. App. 1 Cir. 3/27/14), 144 So.3d 7, 12, writ denied, 2014-0832 (La. 6/20/14), 141 So.3d 810.

Louisiana Code of Civil Procedure article 3611 provides:

Disobedience of or resistance to a temporary restraining order or preliminary or final injunction is punishable as a contempt of court. The court may cause to be undone or destroyed whatever may be done in violation of an injunction, and the person aggrieved thereby may recover the damages sustained as a result of the violation.

Article 3611 emphasizes the availability of punishment for contempt as a method of enforcing an injunctive order, as opposed to the general provisions on contempt. La.

C.C.P. art. 3611, Official Revision Comments—1960, Comment (a); *see* La. C.C.P. arts. 221-227. A contempt of court is defined as any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court, or respect for its authority. Contempts of court are of two kinds, direct and constructive. La. C.C.P. art. 221. A direct contempt of court is committed in open court and of which it has personal knowledge, while a constructive contempt of court is any contempt other than a direct one. La. C.C.P. arts. 222 and 224. The willful violation of a court order, such as the preliminary injunction at issue here, constitutes a constructive contempt of court. *See* La. C.C.P. art. 224(2). To find willful disobedience, the trial court must find that the person violated the court's order intentionally, knowingly, and purposefully, without justifiable excuse. Lang v. Asten, Inc., 2005-1119 (La. 1/13/06), 918 So.2d 453, 454 *(per curiam)*. A trial court is vested with great discretion in determining whether a party should be held in contempt of court, and its decision will only be reversed when the appellate court finds an abuse of that discretion. Marshall v. Marshall, 2019-0879 (La. App. 1 Cir. 7/14/20), 308 So.3d 1178, 1182, writ denied, 2020-01009 (La. 11/4/20), 303 So.3d 652.

While we review the ultimate contempt decision under the abuse of discretion standard, in a case of civil contempt, we review the trial court's predicate factual determinations under the manifest error standard. Greeson v. USAA Life Insurance Company, 2016-0667 (La. App. 1 Cir. 12/22/16), 209 So.3d 1066, 1070. Thus, on review of facts, we do not decide whether the trial court was right or wrong; rather, we consider the entire record to determine whether a reasonable factual basis exists for the finding. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993). When there are two views of the evidence, the

9

factfinder's choice between them cannot be manifestly erroneous. <u>Marshall</u>, 308 So.3d at 1182.

## DISCUSSION

### <u>Mr. Reeves' Appeal</u>

We first address Mr. Reeves' appeal. This matter started when the Blackwoods filed petitions for protection from stalking or sexual assault and temporary restraining orders against the Reeves. *See* La. C.C.P. art. 3603.1. Following a stipulation between the parties, the protective orders were dismissed and a preliminary injunction was issued against the Reeves in accordance with La. C.C.P. art. 3602. The special provision regarding protective orders no longer applied to the preliminary injunction issued by the trial court. Clearly, the trial court erred in converting the preliminary injunction into a permanent injunction without a full trial on the merits. The record does not disclose that notice of a trial on the permanent injunction was issued by the trial court, nor does the permanent injunction comply with La. C.C.P. art. 3605 by describing in reasonable detail the act or acts sought to be restrained. However, Mr. Reeves has not assigned as error the granting of the permanent injunction as to him, but only assigns as error the granting of the permanent injunction against his wife. Therefore, we pretermit any discussion of the permanent injunction as to Mr. Reeves and will only consider the contempt ruling of the trial court.

In his first assignment of error, Mr. Reeves argues that the trial court applied the wrong burden of proof in finding him in contempt of court for the alleged acts of harassment. Mr. Reeves argues that this was a criminal contempt proceeding and not a civil contempt proceeding. Therefore, Mr. Reeves argues that the proper burden of proof applicable to his case was proof beyond a reasonable doubt. The Blackwoods contend that the trial court properly found, by clear and convincing

10

evidence, that Mr. Reeves was in contempt of court for not complying with the preliminary injunction.

Determining whether a contempt proceeding is civil or criminal in nature is often difficult. Streiffer v. Deltatech Construction, LLC, 2019-0990 (La. App. 4 Cir. 3/25/20), 294 So.3d 564, 571. The dispositive inquiry is the nature of the punishment imposed—that is, whether the punishment is remedial or punitive. Id. If remedial, the contempt is civil; if punitive, the contempt is criminal. Id. In Hicks on Behalf of Feiock v. Feiock, 485 U.S. 624, 631-32, 108 S.Ct.1423, 1429-30, 99 L.Ed.2d 721 (1988), the United States Supreme Court stated the following:

> [T]he critical features are the substance of the proceeding and the character of the relief that the proceeding will afford. "If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911). The character of the relief imposed is thus ascertainable by applying a few straightforward rules. If the relief provided is a sentence of imprisonment, it is remedial if "the defendant stands committed unless and until he performs the affirmative act required by the court's order," and is punitive if "the sentence is limited to imprisonment for a definite period." Id., at 442, 31 S.Ct. at 498. If the relief provided is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court, though a fine that would be payable to the court is also remedial when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order.

Since we find herein that the Blackwoods did not show by either standard that Mr. Reeves violated the preliminary injunction in this case, we pretermit any further discussion as to whether this was civil or criminal contempt.

In his first assignment of error, Mr. Reeves also argues that the trial court erred in finding him in contempt of court for violating the preliminary injunction. Specifically, Mr. Reeves argues that the trial court erred in finding him in contempt for alleged acts of harassment against the Blackwoods. The preliminary injunction issued on June 15, 2021, ordered Mr. Reeves to make modifications to his property, as well as prohibiting him from harassing or threatening the Blackwoods, from

11

contacting the Blackwoods personally, in writing, through e-mails or text messaging, including *social media or through a third person*. Mr. Reeves was also prohibited from going within fifteen yards of the Blackwoods or their residence.

The record reveals that the only evidence submitted by the Blackwoods involving Mr. Reeves is the July 2022 correspondence between Mr. Reeves and the Department of Wildlife and Fisheries agent.[10] In this correspondence, Mr. Reeves states his concern about "the additional fill brought [into] the flood prone area [he lives] in" and submitted photographs. This evidence alone is not sufficient to constitute harassment warranting Mr. Reeves to be held in contempt of court. This correspondence between Mr. Reeves and the Wildlife and Fisheries agent did not obstruct or interfere with the orderly administration of justice, impair the dignity of the court or respect for its authority, or violate the express terms of the preliminary injunction. *See* La. C.C.P. art. 221.

After a thorough review, we find that there is no reasonable factual basis in the record to support the trial court's finding that Mr. Reeves was in contempt of court for violating the preliminary injunction or the March 31, 2022 judgment. The evidence submitted by the Blackwoods does not show that Mr. Reeves intentionally, knowingly, purposefully, and without justifiable excuse violated the trial court's order by harassing the Blackwoods. The facts presented would, at best, be characterized as petty bickering between the parties. Greene v. Greene, 19-37 (La. App. 5 Cir. 12/11/19), 286 So.3d 1103, 1128. Contacting public bodies to ensure that a neighbor is complying with state and public statutes cannot be considered harassment justifying a contempt finding. Mr. Reeves had a logical and justifiable reason for his actions since he alleged that the Blackwoods may have violated a

---

[10] Although the Blackwoods allege that Mr. Reeves sent e-mails to the St. Tammany Parish Code Enforcement on four occasions to make sure that the Blackwoods outdoor work would not have an adverse impact on the sale of his property, we do not have these e-mails in the record before us.

12

Parish or State ordinance and/or policy with the ongoing project on their property, and he was concerned about possible flooding being caused by their actions.

Therefore, the trial court abused its discretion in finding Mr. Reeves guilty of contempt of court. *See* Zaorski v. Usner, 2022-1326 (La. App. 1 Cir. 10/31/23), ___ So.3d, ___, ___, 2023 WL 7175773, at *4; Couvillon v. Couvillon, 2023-0056 (La. App. 1 Cir. 8/29/23), 2023 WL 5542771, at *11 (unpublished); Hanna v. Hanna, 53,210 (La. App. 2 Cir. 11/20/19), 285 So.3d 116, 122.

Accordingly, the trial court erred in granting the Blackwoods' rule for contempt against Mr. Reeves. We pretermit discussion of Mr. Reeves' remaining assignments of error due to our holding in this matter.

## Mrs. Reeves' Appeal

We first address Mrs. Reeves' third assignment of error, wherein she argues that the trial court erred in imposing a permanent injunction on her. Specifically, Mrs. Reeves argues that the trial court erred in sanctioning her with a permanent injunction simply because she is the wife of Mr. Reeves.

The law applicable to permanent injunctions is found in La. C.C.P. art. 3601, which provides that the issuance of a permanent injunction takes place only after a trial on the merits in which the burden of proof is a preponderance of the evidence. Parish of East Feliciana ex rel. East Feliciana Parish Police Jury v. Guidry, 2004-1197 (La. App. 1 Cir. 8/10/05), 923 So.2d 45, 53, writ denied, 2005-2288 (La. 3/10/06), 925 So.2d 515. Louisiana Code of Civil Procedure article 3601(A) states, in pertinent part: "[a]n injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law[.]" Traditionally, an injunction has been held to be a harsh, drastic and extraordinary remedy which should only issue where the petitioner is threatened with irreparable harm and has no adequate remedy at law. Kruger v. Garden Dist.

Ass'n, 2000-1135 (La. App. 4 Cir. 1/17/01), 779 So.2d 986, 991, writ denied, 2001-0733 (La. 5/4/01), 791 So. 2d 658. Appellate courts review a trial court's granting of a permanent injunction utilizing the manifest error standard. Mary Moe, L.L.C. v. Louisiana Bd. of Ethics, 2003-2220 (La. 4/14/04), 875 So.2d 22, 29.

After reviewing the record, we find that there is no evidence in the record to show that a trial on the merits was held and that notice was sent to Mrs. Reeves of a trial date.[11] Furthermore, no evidence was presented by the Blackwoods to establish irreparable harm caused to them by Mrs. Reeves, and there was no evidence before the trial court that any such harm has been or would be suffered by either of the Blackwoods if injunctive relief was not granted. At the hearing, there was limited testimony regarding Mrs. Reeves, which included her allegedly taking photographs of the Blackwoods' property that were submitted to the Department of Wildlife and Fisheries. However, Mr. Blackwood confirmed in his testimony that he was not certain that the photographs were taken by Mrs. Reeves. Therefore, due to the Blackwoods' failure to establish this essential element of their burden of proof, the issuance of the permanent injunction against Mrs. Reeves is reversed.

Accordingly, based on the record before us, we find that the trial court erred in granting the permanent injunction against Mrs. Reeves. We pretermit discussion of Mrs. Reeves' remaining assignments of error due to our holding in this matter.

## CONCLUSION

For the above reasons, the trial court's January 26, 2023 judgment is reversed. and this matter is remanded to the trial court for further proceedings. All costs of

---

[11] The trial court's order stated that the hearing was on a preliminary injunction that may extended for another 365 days without interruption or longer. There is no reference to a permanent injunction being issued on Mrs. Reeves in the order. Therefore, the trial court improperly converted the hearing for a preliminary injunction to a permanent injunction hearing. *See* Richard v. Bourgeois, 19-494 (La. App. 5 Cir. 3/18/20), 293 So.3d 790, 794.

this appeal are assessed to the appellees, Timothy Matthew Blackwood and Jessica Lynn Blackwood.

**REVERSED AND REMANDED.**

| STATE OF LOUISIANA | TIMOTHY MATTHEW BLACKWOOD |
| --- | --- |
| COURT OF APPEAL | VERSUS |
| FIRST CIRCUIT | ROBERT REEVES |
| DOCKET NUMBER | 2023 CA 0504 C/W<br>2023 CA 0505 C/W<br>2023 CA 0506 C/W<br>2023 CA 0507 |

**MILLER, J., dissenting, in part.**

I dissent in part from the majority opinion herein as I would affirm the trial court's finding of contempt.